Charles Edward SANDERS, Appellant,

v.

UNITED STATES of America, Respondent.

No. 17375.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1961.

John J. Mullane, Jr., and Elvin Connolly, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., John Kaplan, Asst. U. S. Atty., and James F. Hewitt, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

Charles Edward Sanders appeals from a district court order denying his motion, made under 28 U.S.C.A. § 2255, to set aside and vacate a judgment of conviction and sentence on a charge of bank robbery. 18 U.S.C.A. § 2113(a). The principal point urged on appeal is that the district court erred in failing to grant appellant a hearing before acting upon his motion.

On January 19, 1959, Sanders was brought before the district court, charged with a violation of 18 U.S.C.A. § 2113(a). The charged was explained to defendant and he was told that it constituted a felony for which he could be fined or imprisoned or both. A copy of the proposed information was handed to him. The court explained to defendant that he had a right to counsel and Sanders stated that he understood that he had that right but wished to waive it. It was also explained to Sanders

that he could not be proceeded against except by indictment by the grand jury, unless he waived that right. Defendant stated that he understood that he had that right but waived his right to be proceeded against by indictment and consented to be proceeded against by information.

In response to questioning by the court, Sanders stated that he had freely and voluntarily decided to proceed in this fashion, and that no threats or promises had been made to induce him to take such action. He signed a waiver of indictment, the charge was read to him, and he stated that he understood the charge, Sanders then entered a plea of guilty.

On February 10, 1959, Sanders was brought before the court for sentencing. Upon being asked if there was anything he wished to say before sentence was pronounced, Sanders stated that, if possible, he would like to go to Springfield or Lexington for addiction cure. "I have been using narcotics off and on for quite a while," he told the court. A fifteen year sentence was then pronounced.

Sanders did not appeal from the conviction and sentence. On January 4, 1960, however, appearing propria persona, he filed a motion under § 2255 to vacate and set aside his sentence. The grounds relied upon were that the indictment was invalid, he was denied adequate assistance of counsel, and that he was intimidated and coerced into entering a plea without counsel and without any knowledge of the charges against him.

Holding that the motion contained nothing but unsupported charges which were completely refuted by the files and records, the district court, on February 3, 1960, denied the motion without hearing. Sanders did not appeal.

Appellant, again appearing propria persona, filed the instant § 2255 motion on September 8, 1960. The single ground advanced in support of this second § 2255 motion was that:

" * * * at the time of trial and sentence the petitioner was mentally incompetent and was unable to cooperate intelligently in his defense; that his mental incompetency was the result of administration of narcotic drugs during the period petitioner was held in the Sacramento County jail pending trial in the instant case."

This ground had not been advanced in Sanders' first motion. In an affidavit filed in support of the second motion, Sanders stated that "during the period of the trial" he was under the influence of a drug, and that he did not understand trial procedure owing to his mental incompetency caused by the administration of a drug.

This second motion was denied, without hearing, on September 15, 1960. Pointing out that in his second motion Sanders had given no reason why he could not, and should not, have raised the issue of mental competency at the time of his first motion, the court stated that, in the exercise of its discretion it would refuse to entertain the second motion.

Sanders appealed to this court and was permitted to proceed in forma pauperis. We appointed counsel to assist him on the appeal.

■ It is provided in § 2255 that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. Sanders' motion of September 8, 1960, was a second motion for "similar relief," since in both this and the earlier motion, he sought to set aside and vacate the judgment and sentence.

Whether a court should entertain a second or successive motion for similar relief is, under the provision of § 2255 referred to above, a matter resting within the sound discretion of the trial judge. Daniels v. United States, 9 Cir., 258 F. 2d 356, 17 Alaska 670.

■ Where, as here, it is apparent from the record that at the time of fil-

ing the first motion the movant knew the facts on which the second motion is based, yet in the second motion set forth no reason why he was previously unable to assert the new ground and did not allege that he had previously been unaware of the significance of the relevant facts, the district court, may, in its discretion, decline to entertain the second motion. Moore v. United States, 108 U.S.App.D.C. 14, 278 F.2d 459.

Affirmed.