**UNITED STATES of America,**
**Appellee,**

v.

**Norman BEBIK, Appellant.**

No. 8462.

United States Court of Appeals
Fourth Circuit.

Argued on Rehearing March 27, 1962.

Decided May 2, 1962.

Norman Bebik, pro se.

William Medford, U. S. Atty. (Hugh E. Monteith, Asst. U. S. Atty., on brief), for appellee.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from an order of the District Court which denied the motion of Norman Bebik to vacate and set aside a sentence of imprisonment for the term of 25 years, imposed upon him by the District Court of the Western District of North Carolina, after conviction of the crime of conspiracy to violate the bank robbery statute and of the substantive crime of bank robbery, 18 U.S. C. Sections 371 and 2113. The motion is based on the ground that the District Judge did not afford the defendant an opportunity to address the court on the matter of punishment before sentence was imposed and, therefore, failed to conform with the provision of Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. which provides that "[b]efore imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Norman Bebik, the defendant herein, was indicted together with Bernard Edward Gosnel and Carl Virgil Wacker for conspiracy to rob the Hot Springs, North Carolina, Branch of the Citizens Bank of Marshall, on or about May 18, 1955, and also for the robbery of that bank. To the indictment of conspiracy Gosnel pleaded guilty but Wacker and Bebik were tried before a jury and convicted, and the sentence of 25 years imprisonment was imposed upon them. Gosnel was sentenced to imprisonment for 10 years. Wacker and Bebik took an appeal to this court but failed to perfect their appeal within the time allowed by the statute. Accordingly, the appeal was dismissed but this court came to the conclusion, from an examination of the record, that the appeal in any event was without merit. See Wacker v. United States, 4 Cir., 231 F.2d 659.

It appears from the record in the present appeal that at the conclusion of the jury trial of Wacker and Bebik the three defendants were brought before the court for sentence. Each of them was represented by an attorney. Thereupon the Judge made the following inquiry: "Do you gentlemen have anything to say on the matter of punishment?", in reply to which the attorneys addressed the court on behalf of their respective clients, and the sentences were imposed. The contention is that this procedure did not comply with the provisions of Rule 32(a) since the defendant Bebik, the appellant in the present case, was not given an opportunity to make a statement in his own behalf.

A similar situation was considered by the Supreme Court in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed. 2d 670, where in a case of bank robbery, after the conviction of the defendant Green and after motions in arrest of judgment and for new trial had been over-ruled, the District Judge before passing sentence asked: "Did you want to say something?" and the defendant's counsel at some length invoked the leniency of the court. The defendant was then given a sentence of imprisonment. Later upon a motion of the defendant to vacate the sentence the Government contended that affording defendant's counsel the opportunity to speak was sufficient compliance with Rule 32(a); but it was held that the rule was intended to afford the opportunity to the defendant himself to address the court with respect to the punishment to be imposed. The court, however, held that the record did not show that the defendant was not accorded this opportunity since the Judge's question may well have been directed to the defendant and not to his counsel; and, therefore, the defendant had failed to meet the burden of showing that he was not accorded the right given him by the rule. But the court admonished the trial judges that in the future before sentencing they should, as a matter of

good judicial administration, address themselves to the defendant and leave no room for doubt that the defendant had been issued a personal invitation to speak prior to sentencing.

The decision in the Green case was rendered on February 27, 1961, whereas the sentence in the pending case was imposed on November 23, 1955 long before the admonition of the Supreme Court to the trial judges scrupulously to observe the terms of the rule. We are called upon nevertheless to determine whether the form of inquiry used by the District Judge in the pending case was a sufficient observance of the rule. We have come to the conclusion that it was not a sufficient compliance. It is true that the form of inquiry was similar to that in the Green case but we think it very unlikely, when the three defendants and the three lawyers stood before the court and the inquiry was made, "Do you gentlemen have anything to say on the matter of punishment?" that the defendants themselves as distinguished from their attorneys understood that they were offered an opportunity to speak.

 We conclude, therefore, that the right of allocution was not accorded to the defendant as the statute requires. It does not follow, however, that the sentence should be vacated and the case remanded for resentence under the circumstances outlined above. Since the argument of the appeal the Supreme Court has thrown additional light on the subject under discussion as to the meaning of the Green case in two recent decisions, i. e. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Accordingly, the case has been reargued and given additional consideration. In Hill the defendant had been convicted of transporting a kidnapped person and also of transporting a stolen automobile in interstate commerce, and had been sentenced in the presence of his lawyer to imprisonment for 20 years and 3 years respectively for the two offenses; but he had not been asked before sentence was imposed whether he wished to make a statement in his own behalf. There was no appeal from the sentence but five years later the defendant filed a motion to vacate the sentence under 28 U.S.C. § 2255 on the ground, amongst others, that he had not been offered the opportunity to address the court in respect to the sentence before it was imposed. The motion was denied by the District Judge and the Court of Appeals affirmed. The Supreme Court granted certiorari limited to the question whether the failure of the defendant to give the prisoner the right of allocution could be raised in a § 2255 proceeding. The court held that it could not be raised in such proceeding. It pointed out that this section of the law was enacted to provide a remedy commensurate with that previously given by petition for writ of habeas corpus, and that the failure of the trial judge to afford a convicted defendant the right of allocution is not reviewable on habeas corpus since it is not a constitutional or jurisdictional error nor a fundamental defect which results in a complete miscarriage of justice or an omission to comply with the rudimentary demands of fair procedure. The court did not consider whether such an error would entitle the prisoner to relief in a proceeding under § 2255 if it were shown that the denial of the right was accompanied by other aggravating circumstances. It merely held that collateral relief is not available when all that is shown is failure to comply with the formal requirements of the rule.[1]

Since nothing else was shown in the pending case, the decision of the District Court was correct and will be affirmed.

Affirmed.

---

1. In Machibroda v. United States, supra, these principles were reaffirmed without amplification.