UNITED STATES of America,
Appellee,

v.

B. D. TAYLOR, Appellant.

No. 8467.

United States Court of Appeals
Fourth Circuit.

Argued on Rehearing March 27, 1962.

Decided May 2, 1962.

Frank W. Hardy, Richmond, Va. (court-appointed counsel), for appellant.

William Medford, U. S. Atty. (Hugh E. Monteith, Asst. U. S. Atty., on brief), for appellee.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from an order of the District Court which denied the motion of B. D. Taylor, under 28 U.S.C. § 2255, to vacate a sentence of imprison-

ment imposed upon him for the sale of narcotic drugs in violation of 26 U.S.C. § 4705(a). The grounds stated in the motion were (1) that the District Judge, in violation of Rule 11 of The Federal Rules of Criminal Procedure, 18 U.S.C., accepted a plea of guilty from Taylor without first determining that the plea was made voluntarily with understanding of the nature of the charge; and (2) that the District Judge, in violation of Rule 32(a) [of the F.R.Cr.P.], failed to afford Taylor an opportunity to make a statement in his own behalf before imposing sentence. Taylor alleged in his motion that if he had been given an opportunity to speak before sentence was imposed he would have stated that he was induced to plead guilty by the representations of his attorney that he would get a lighter sentence if he did so, and by the threats of the Federal Narcotics Agent in charge of the case that if he did not cooperate he would get 20 years imprisonment in the case at bar and, further, that the agent would see to it that he got the maximum sentence of 40 years on a charge pending against him in South Carolina; and that on account of these threats he pleaded guilty to a false and unfounded charge. He also alleged that the Narcotics Agent gave false testimony at the arraignment that the prisoner had sold him narcotic drugs. He requested the court to appoint an attorney to represent him and that he be permitted to be present at the hearing of his motion.

Taylor and one Jerry Ellison Ballew were jointly indicted for the unlawful sale on July 5, 1960 of narcotic drugs. They were arraigned on October 4, 1960 at which time Taylor was represented by James E. Walker, an attorney of his own choosing, who at the request of the court consented to represent Ballew also. The arraignment, according to the record made by the court reporter, consisted of the following proceedings in the District

Court conducted by the United States Attorney:

"U. S. ATTY. BALEY: Jerry Ellison Ballew and B. D. Taylor, you are charged with on or about July 5, 1960, unlawfully, wilfully and feloniously selling to Narcotics Agent Richard M. Patch 493 ¼-grain Morphine Sulphate tablets for the sum of $986.00, of which a $100.-00 part payment was made, not in pursuance of a written order of the person to whom said narcotic drugs were sold, in violation of the law. What is your plea?

"MR. WALKER: Your Honor, both defendants enter a plea of guilty." [1]

Thereupon the testimony of the Narcotics Agent was taken and recorded which showed that Taylor had sold narcotic drugs as charged in the indictment. The attorney, in answer to an inquiry of the Judge, said that he had no evidence to offer for the defendant. Argument of the attorney as to the punishment was then heard and Taylor was sentenced to 7½ years imprisonment. He took no appeal from this sentence.

Thereafter on April 17, 1961 the present proceeding was instituted in the District Court. Taylor was permitted by order of the court to present his petition in forma pauperis and an experienced attorney was appointed to represent him with leave to present such evidence as he had to support the allegations of the motion, but Taylor was denied permission to be present at the hearing on the ground that the case had been tried before the Judge to whom all the records of the trial were available.

The hearing took place on July 24, 1961 at which time the record of the proceedings at the arraignment and sentence was presented to the court together with an affidavit of the Narcotics Agent who swore that Taylor sold the narcotic drugs

1. The record of the case in the District Court at this point originally contained only the words "Formal Arraignment" but after the defendant's motion to vacate sentence was filed the record was changed to include a transcript of the reporter's notes as above set out.

to him as charged in the indictment and that Taylor was not threatened or coerced in any manner at the time of his plea of guilty. On July 26, 1961 the Judge dismissed the petition stating that "from an examination of the petition, the record in the case, and the testimony offered at said hearing, the court finds the following facts." These findings were in substance and effect as follows:

(1) That Taylor had not been induced to plead guilty by representations of his attorney that he would thereby get a lighter sentence;

(2) That not only did the attorney make a strong plea on Taylor's behalf but that the defendant himself at the time of his plea was given an opportunity to make any statement that he desired in accordance with the unvarying practice of the court to grant defendants such an opportunity;

(3) That by instruction of the court the arguments of defendant and his attorney in regard to the sentence were not recorded by the reporter;

(4) That the Narcotics Agent told the truth in his testimony at the arraignment and did purchase narcotics from the defendant;

(5) That the attorney appointed to represent the prisoner at the hearing of his petition spent considerable time preparing for the hearing and produced evidence at the hearing and did an excellent job of representing the prisoner's interest;

(6) That at the time of the petitioner's trial, on October 4, 1960, and at the hearing by the court, on July 24, 1961, the prisoner was afforded every right granted to him by the laws and Constitution of the United States.

The order of the District Judge dismissing the motion refers generally to testimony offered at the hearing of the motion and specifically to evidence produced by the defendant's attorney; but the transcript on this appeal contains no record of what took place at the hearing other than the affidavit of the Narcotics Agent and we assume that the decision of the Judge was based upon his recollection of what had taken place at the arraignment on July 24, 1961, the affidavit of the Narcotics Agent, and the records of the court as hereinbefore set out.

Taylor appealed from this order and has been represented in the appeal by an attorney appointed by this court who makes a third contention that the proceeding in which Taylor was sentenced was defective in that, in violation of 28 U.S.C. § 753(b), the proceedings with regard to the arraignment and sentence of the defendant were not recorded by the court reporter.

In making a determination in this case we must consider the weight to be given to three features of the proceedings outlined above, namely:

1. The failure to give the prisoner the right of allocution before he was sentenced in accordance with Rule 32(a) of the Federal Rules of Criminal Procedure;

2. The charge of the prisoner that the Judge did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure that the court shall not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge; and

3. The failure of the court to make complete records of the proceedings at the arraignment and sentence of the prisoner.

The right of allocution was discussed by us in our opinion in United States v. Bebik, 4 Cir., 302 F.2d 335 filed this day, where it is shown that under the decision of Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, the failure of the Judge specifically to inquire at the time of sentencing whether the defendant personally wishes to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255. However, it was said in the Hill case, 368 U.S. 429, 82 S.Ct. 468, that the rule might be different in the context of aggravating circumstanc•

es as, for example, if the prisoner had something of importance to say and was affirmatively denied the opportunity to speak at his arraignment, or if in the imposition of the sentence the District Judge was either misinformed or uninformed as to any of the relevant circumstances. Circumstances of this kind are found in the pending case if we accept as true the allegations of the defendant in his petition that he had not only been advised by his attorney that he would receive a lighter sentence if he pleaded guilty but had been threatened by a Government Agent that he would get the maximum sentence if he did not plead guilty. Little weight need be given to the first allegation, as to the advice of the attorney in pointing out that a plea of guilty would probably result in a lighter sentence, since this was neither improper nor improbable under the circumstances.

The fact that the defendant may have had the expectation that his plea would result in leniency is not sufficient in the absence of evidence that the expectation was induced *by the government* to justify withdrawal of the plea of guilty. United States v. Norstrand, 2 Cir., 168 F.2d 481; United States v. Lester, 2 Cir., 247 F.2d 496, 501; United States v. Shneer, 3 Cir., 194 F.2d 598–600; United States v. Marcus, 7 Cir., 213 F.2d 230; United States v. Sehon Chinn, D.C.S.D.W.Va., 74 F.Supp. 189, aff'd without discussion of the point, 4 Cir., 163 F.2d 876. But the allegation that the defendant was threatened with severe punishment by the Agent of the United States unless he admitted his guilt, if true, would furnish sound ground for vacating the sentence in a collateral proceeding.

The importance of complying with Rule 11 is emphasized in Machibroda v. United States, supra. In that case the court held that the District Judge erred in dismissing the petition of the prisoner in a § 2255 case without a hearing, relying upon the affidavit of an Assistant United States Attorney denying the allegations that his plea of guilty was induced by promises and coercion. It was pointed out that a conviction based upon such a plea is open to collateral attack and, hence, it was error upon the part of the District Judge to decide controverted issues of fact without notice to the defendant and without a hearing. With respect to allowing the prisoner to appear at the hearing the court had the following to say, 368 U.S. 495, 82 S.Ct. 510:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the .statute itself recognizes that there are times when allegations of fact outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

The District Judge in the pending case did not make his decision without a hearing but the sufficiency of the hearing and the findings are nevertheless open to examination. The Judge made the specific finding that the defendant was not induced by his attorney at the arraignment to enter the plea of guilty upon the expectation of thereby getting a lighter sentence and he found that the testimony of the Agent that he had bought narcotic drugs from the defendant was true but he did not find specifically that the Agent had not threatened the defendant with severe punishment if he did not plead guilty. The Judge did find that no violation of the prisoner's Constitutional rights had taken place, basing his findings in part upon the records of the court, but the records of the

court are admittedly incomplete. It is provided by 28 U.S.C.A. § 753(b) that the court reporter shall record all proceedings in criminal cases had in open court. This was not done in the pending case. All that appears is that the defendant was arraigned by the United States Attorney and that a plea was entered for him by his attorney, that the Narcotics Agent testified in regard to the illegal sale, and that the sentence was then imposed. The records do not show that the defendant was accorded the right of allocution as provided in Rule 32(a) or that the Judge accepted his plea of guilty after first determining that the plea was made voluntarily with understanding of the nature of the charge as provided by Rule 11.

The provisions of § 753(b) are designed to preserve a correct and authentic record of criminal proceedings free from the infirmities of human error and they provide a safeguard to which not only the court but also the defendant is entitled in the preservation of his rights. See Stephens v. United States, 5 Cir., 289 F.2d 308. We do not mean to hold that the failure to keep complete records of the criminal proceedings is of itself an error that can be raised by a motion to vacate sentence under § 2255 but we are of the opinion that it is a matter which may be considered in a collateral proceeding in determining whether a defendant is entitled to a hearing on a motion to vacate sentence and in determining whether the sentence should be vacated.

Our conclusion in the pending case is that the order of the District Judge dismissing the motion should be reversed and the case remanded for further hearing at which the defendant should be permitted to be present. We repeat the admonition of the Supreme Court in the Machibroda case that the presence of the prisoner is not required in all hearings in § 2255 proceedings but in this case in which the records are admittedly incomplete and the findings of the court must depend at least in part upon the memory of what took place, we are of the opinion that the court should have a hearing at which all of the persons, including the prisoner and his attorney, who took part in the arraignment and sentencing, should be given an opportunity to testify in person, and that upon the testimony thus given in open court the Judge shall find whether the provisions of Rule 32(a) and Rule 11 were complied with. If upon such hearing the Judge shall find that the prisoner was induced to plead guilty by reason of threats or coercion on the part of the Government's Agents then the sentence should be vacated and the prisoner arraigned a second time and given the right of allocution if he pleads guilty to the charge. If it is found on the other hand that the rights of the prisoner, as set out in this opinion, were not violated the motion to vacate the sentence should be dismissed.

We emphasize the importance of complying with the rules applicable to the acceptance of the plea of guilty and the imposition of sentence. We stress also the importance of complying with the provisions of the statute contained in 28 U.S.C. § 753(b) that the proceedings in criminal cases shall be recorded. Had this statute been complied with in the pending case and had the record disclosed that the requirements of Rules 11 and 32 (a) had been met, the petition of the defendant to vacate the sentence might well have been dismissed without a hearing. Thousands of cases have been brought into the Federal courts in recent years by persons serving sentences of imprisonment under judgments of the courts who claim that they should be released by reason of some irregularity in the proceedings under which they were convicted. The great majority of these cases have been found utterly lacking in merit, but the consideration of them has imposed a heavy burden on the courts which would be greatly lightened if care were taken to comply strictly with the carefully considered Rules of Criminal Procedure.

Reversed and remanded.