**UNITED STATES of America,
Appellee,**

v.

**William Earl BAYSDEN, Appellant.**

**No. 8962.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 25, 1963.

Decided Jan. 9, 1964.

J. Harvey Turner, Kinston, N. C., for appellant.

Alton T. Cummings, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., and Gerald L. Bass, Asst. U. S. Atty., on the brief), for appellee.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and NORTHROP, District Judge.

SOBELOFF, Chief Judge:

The question in this appeal is whether the District Court should have afforded appellant a hearing on his motion for collateral relief pursuant to 28 U.S.C.A. § 2255.

**630**

Appellant was charged in a five-count indictment with conspiracy to defraud the United States and making, possessing and passing counterfeit obligations or securities of the United States, in violation of 18 U.S.C.A. §§ 371, 471, 472 and 474.[1] On May 21, 1962, he pleaded guilty to all counts in the District Court for the Eastern District of North Carolina. The court sentenced him to imprisonment for fifteen years and a fine of $15,000.

Thereafter appellant filed the motion now under review. The District Court, without ordering a hearing, but after examining the "files and records," including a transcript of the arraignment which was prepared at the request of the District Judge, denied the motion "as being without merit." The following allegations are made in this appeal: (1) that there was a denial of due process of law when the District Court, in violation of Rule 32(a), Fed.R.Crim.P., failed to afford the appellant an opportunity to make a statement on his own behalf before imposing sentence; (2) that the District Judge, contrary to Rule 11, Fed. R.Crim.P., accepted a plea of guilty without first determining that it was made voluntarily with an understanding of the nature of the charge; (3) that appellant was denied the benefit of competent counsel; (4) that the disparity of sentences imposed on appellant and his co-defendants violated the Equal Protection Clause; and (5) that the court should permit withdrawal of the plea of guilty under the provisions of Rule 32(d), Fed. R.Crim.P. We consider the allegations in the order of their presentation.

■ *First.* As to noncompliance with Rule 32(a), the record discloses the fol-

lowing colloquy between the court and the appellant prior to sentence:

"COURT: * * * I just want to be certain that every defendant has an opportunity to make any statement he cares to make to the court and this will be, of course, the last opportunity for each of you in this particular case * * *.

* * *

"Mr. Baysden, you did indicate in the other case that you were too full to make a statement. This is the case involving the March through April conspiracy matter. Do you have a further statement to make to the Court at this time?

"MR. BAYSDEN: Well, Your Honor, I would like to say this. I am sorry about what happened. I would like to have a chance to be back with my wife and friends and I'll never do this any more.

"COURT: Very well. Is there anything further?

"MR. BAYSDEN: No, sir."

This excerpt provides clear proof that specific inquiry was made of the appellant before sentence, affording him a chance to speak in his own behalf and to present information in mitigation of punishment. Without question Rule 32 (a) was satisfied and appellant's contention to the contrary is patently without basis in fact or law.[2]

■ *Second.* With regard to the voluntariness of the plea, the record shows that the District Judge accepted the plea of guilty after the following discussion:

"COURT: Has anyone from the prosecution, that is, the United States Attorney's Office, or any of

---

1. A separate one-count indictment to which appellant entered a *nolo contendere* plea is not involved in this appeal.

2. Denial of the right of allocution has been held not to be such a fundamental trial defect, absent aggravating circumstances, as to furnish ground for re-

lief under section 2255. Machibroda v. United States, 368 U.S. 487, 489, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Hill v. United States, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); United States v. Taylor, 303 F.2d 165, 167 (4th Cir. 1962); United States v. Bebik, 302 F.2d 335, 337 (4th Cir. 1962). Here, however, as we have shown, allocution was accorded.

the Treasury Agents or Secret Service or anyone else threatened you in any manner to obtain your plea of guilty to these charges?

"MR. BAYSDEN: No, sir. They have always been very nice.

"COURT: Has anyone of them promised you any reward or hope of reward or leniency of the Court or of the prosecution in return for your plea of guilty?

"MR. BAYSDEN: No, sir.

"COURT: You make that plea freely and voluntarily, without fear or compulsion or coercion of any sort?

"MR. BAYSDEN: Yes, sir."

The lawyer assured the court in appellant's presence that he had explained to his client the charges and the possible penalties but asked the court to do so too.[3] In response to this request the District Judge analyzed the charges count by count and pointed out the maximum penalty under the statute for each charge. The contemporaneous record thus categorically refutes appellant's contention that Rule 11 was not observed.

■ *Third.* The claim that the lawyer chosen and paid by the appellant was incompetent need not be considered as this was not mentioned in the motion and appears for the first time in the appeal, in the brief prepared by the defendant and adopted by counsel on appeal. It is obviously a mere afterthought, not supported in any way

■ *Fourth.* Sentence disparity, the core of appellant's equal protection argument, is not a matter with which an appellate court concerns itself. Provided the punishment imposed is within the statutory maximum, the District Judge's discretion will not be disturbed absent gross abuse.[4]

■ *Fifth.* Rule 32(d) permits withdrawal of a plea of guilty "to correct manifest injustice." Viewing the recorded account of the arraignment and sentencing, we perceive no hint of injustice or abuse of judicial discretion or prejudicial error which would prompt a court to permit withdrawal.[5]

■ As the above discussion attests, the District Judge had before him a trial transcript to confirm his personal recollection of the events mentioned in appellant's motion which provided a precise and complete refutation of every allegation. The statute, in unequivocal language, *requires* a hearing, with findings of fact and conclusions of law *unless* "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[6] The case before us falls precisely within the proviso. Indisputably the appellant would have been entitled to a hearing to resolve any genuine issues of fact; but the claims raised by the motion are not predicated upon matters outside the record. They relate to events which occurred in the courtroom, under the eye of the Judge, with a reporter in attendance. Here the sentencing judge had the

---

3. The fact that appellant's attorney may have expressed the hope or belief that a plea of guilty would result in a lighter sentence is not professionally improper, nor is it prejudicial or a ground for collateral relief absent evidence that the Government had a part in arousing the expectation of leniency. United States v. Taylor, 303 F.2d 165, 168 (4th Cir. 1962); cf. Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963); Tabor v. United States, 203 F.2d 948 (4th Cir. 1953).

4. See United States v. LoDuca, 274 F.2d 57 (2d Cir. 1960); Egan v. United States, 268 F.2d 820 (8th Cir.), cert. denied, 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed.2d 108

(1959); Livers v. United States, 185 F.2d 807 (6th Cir. 1950).

5. Georges v. United States, 262 F.2d 426, 430 (5th Cir. 1959); United States v. Parrino, 212 F.2d 919, 921 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); see Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963).

6. Sanders v. United States, 373 U.S. 1, 6, 83 S.Ct. 1068, 1072, 10 L.Ed.2d 148 (1963); Machibroda v. United States, supra, 368 U.S. at 494, 82 S.Ct. at 513–514, 7 L.Ed.2d 473; United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Reed v. United States, 291 F.2d 856, 857 (4th Cir. 1961).

benefit of a verbatim report, not merely someone's summary based on impressions, of the arraignment proceedings. This reported colloquy belied the prisoner's contentions and made their insubstantiality manifest. There was no need for the court to conduct a hearing, as the baselessness of appellant's allegations was conclusively shown by the record. Indeed it would be an abuse of the court's processes if an appellant could in these circumstances insist on a personal appearance and a hearing in court.

We wish to encourage the fair and practical procedure adopted in this case. It obviated a useless expenditure of the court's time when the available records showed that there was no genuine basis for a hearing; at the same time, and not less importantly, by the preparation of a memorandum clearly setting forth the reasons for the court's action it avoided the appearance of arbitrary disregard of the prisoner's contentions.[7]

Affirmed.

7. See Baysden v. United States, 213 F.Supp. 623 (E.D.N.C.1963).