**UNITED STATES of America,**
**Appellee,**

**v.**

**Norman BEBIK, Carl Virgil Wacker,**
**Appellants.**

**No. 9247.**

United States Court of Appeals
Fourth Circuit.

Submitted on brief April 14, 1964.

Decided June 11, 1964.

Norman Bebik and Carl Virgil Wacker, pro se.

William Medford, U. S. Atty., and Robert J. Robinson and James O. Israel, Asst. U. S. Attys., on brief, for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

Appellants Norman Bebik and Carl Virgil Wacker were convicted by a jury on November 23, 1955, on charges of bank robbery and conspiracy to violate the bank robbery statutes. 18 U.S.C.A. §§ 371, 2113. Now serving identical sentences of twenty-five years, they have moved for collateral relief pursuant to 28 U.S.C.A. § 2255. This was denied by the United States District Court for the Western District of North Carolina after a separate hearing for each appellant. United States v. Bebik, 220 F. Supp. 572 (W.D.N.C.1963), and United States v. Wacker, 220 F.Supp. 657 (W.D. N.C.1963). This appeal followed.

Before examining the substance of the appeal it is appropriate to recapitulate the history of prior litigation involving the same appellants.

After their conviction and sentence an appeal was taken to this court but was not perfected in time. For this reason we dismissed the appeal, but only after satisfying ourselves by "a careful examination of the record * * * that there * * * [was] no merit whatever in the appeal * * *." Wacker v. United States, 4 Cir., 231 F.2d 659, 660 (1956). Thereafter Bebik filed a motion to vacate sentence under section 2255, alleging that he was not afforded an opportunity before sentence to address the trial court on the matter of punishment. This court affirmed the District Court's order dismissing the motion without a hearing. United States v. Bebik, 4 Cir., 302 F.2d 335 (1962). Judge Soper said:

"We conclude, therefore, that the right of allocution was not accorded to the defendant as the statute requires. It does not follow, however, that the sentence should be vacated and the case remanded for resentence under the circumstances outlined above. * * * [In Hill v. United States, 368 U.S. 424, 487, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)] * * * The Supreme Court granted certiorari limited to the question whether the failure * * * to give the prisoner the right of allocution could be raised in a § 2255 proceeding. The court held that it could not be raised in such proceeding. It pointed out that this section of the law was enacted to provide a remedy commensurate with that previously given by petition for writ of habeas corpus, and that the failure of the trial judge to afford a convicted defendant the right of allocution is not reviewable on habeas corpus since it is not a constitutional or jurisdictional error nor a fundamental defect which results in a complete miscarriage of justice or an omission to comply with the rudimentary demands of fair procedure The court did not consider whether such an error would entitle the prisoner to relief in a proceeding under § 2255 if it were shown that the denial of the right was accompanied by other aggravating circumstances. * * *" 302 F.2d at 337. See United States v. Baysden, 326 F.2d 629, 630 n. 2 (4th Cir. 1964).

The present motion, filed on May 15, 1962, is, as the appellants concede, an attempt to present to the court "other aggravating circumstances" which would bring them within the purview of the allocution rule which Judge Soper discussed.

Several contentions are advanced which will be dealt with independently.

■ First, the appellants allege that they were mentally incompetent at the time of their trial and sentence, as well as insane when the offense was committed. On this point the District Judge heard testimony from the appellants, from individuals who had an opportunity to observe them at their trial and from a Clinical Psychologist, who is a member of the Psychiatric Board of the Atlanta Penitentiary and administered mental examinations of the appellants. The expert concluded, on the basis of the findings of the Board and the results of tests perfomed several weeks after trial upon appellants' arrival at the penitentiary, that both men were striving to give a bad impression of their mental health—more commonly called a "fake bad curve." From all of the direct testimony and documentary evidence the District Judge concluded that the appellants gave no sign of mental incompetency at any time before, during, or after the trial. We find no error in this conclusion.

Secondly, appellants contend that the convictions must be set aside because the court reporter, at the direction of the trial judge and in violation of the statutory command that "all proceedings in criminal cases had in open court" be recorded verbatim, failed to record the closing arguments of counsel. 28 U.S. C.A. § 753(b) (1).

■ The direction not to report the argument was error. But in the present case it does not constitute such an aggravating circumstance as Judge Soper referred to in the above quotation sufficient to convert the denial of an opportunity for allocution into error reachable on collateral attack under section 2255. The reason is that the appellants suggest nothing that they could have said to the court bearing in any way on the closing arguments which went unreported. Addison v. United States, 317 F.2d 808, 811 (5th Cir. 1963); Brown v. United States, 314 F.2d 293, 295 n. 1 (9th Cir. 1963); United States v. Taylor, 303 F.2d 165, 169 (4th Cir. 1962).

■ Nor is the absence of a record of the arguments in any way relevant to the claim of denial of allocution. This appears clearly when we consider Bebik's assertion that, if given a chance to speak before sentence, he would have told the court of a sixteen-year sentence then open against him in a state court. But this fact was already known to the sentencing judge. The District Judge declared in his opinion after the section 2255 hearing that he was made aware of the outstanding sentence both by Bebik's direct testimony during the trial and by an FBI report which he consulted before sentencing. Thus, allocution would have served no purpose on that point.

■ Thirdly, Wacker argued in his collateral hearing that he and his co-defendant were denied an opportunity to consult privately with their attorneys before trial. The District Court found as a fact that Wacker "and his attorney discussed the case privately on six to eight occasions, although on some occasions co-defendant, Bebik, and his attorney * * * were also present." 220 F.Supp. at 659. The court went on to discuss the circumstances surrounding the appellants' confinement pending trial. The Marshal had received reliable information that some of Wacker's friends were contemplating an attempt to "spring" him from jail. This caused the authorities to take close security precautions. However, these arrangements deprived neither appellant of an opportunity to confer privately with his attorney or witnesses. We find no reason to disagree with this conclusion of the District Court.

■ Finally, while denial of the motions to set aside the sentences was correct and the District Court should be affirmed, we take this occasion to say that the closing arguments should be reported in all cases as part of the trial, even though transcription may be required only rarely. Failure to record, mechanically or manually, this part of the proceedings leaves the trial open to vague and insubstantial attacks, as in

this case; and, in cases presenting more substantial challenges, absence of a record might make the trial seriously vulnerable. Making and preserving a record is a safeguard against such consequences.

Affirmed.