**Willie Junior RAKES, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent (two cases).**

Civ. A. Nos. 551, 607.

United States District Court
W. D. Virginia,
at Danville.

June 29, 1964.

John W. Carter, Danville, Va., and B. A. Davis, III, Rocky Mount, Va., for petitioner.

Lawrence C. Musgrove, Ass't. U. S. Atty., Roanoke, Va., for respondent.

DALTON, Chief Judge.

These cases are part of a series of post conviction actions and motions filed by the petitioner, Willie Junior Rakes, following his conviction and sentence upon his separate pleas of guilty on the 13th day of February, 1961, to a total of eight indictments, each of which contained two counts charging him with removing and concealing illegal whiskey in violation of Section 5601(a) (12) of Title 26 United States Code. The Court sentenced the petitioner to one year in prison on each of the eight indictments and directed in each of four cases succeeding the first case that the sentence be served "consecutively with" the sentence of one year imposed in a prior case. It was further directed that in three cases the sentence of one year be served "concurrently with" a sentence previously imposed in one of the preceding cases, leaving the petitioner a total of five years to serve in prison on the sixteen charges contained in the eight indictments.

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the petitioner moved the Court for a reduction of the sentence on April 5, 1961, which the Court denied.

On August 3, 1961, the petitioner filed a motion to vacate or correct an illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, Civil No. 503, alleging in substance that the Court in using the words "consecutive with" instead of "consecutive to" in imposing one year consecutive sentences following the imposition of sentence in the first case, created an ambiguity which must be resolved in favor of petitioner, thus leaving petitioner with a valid sentence of only the one year in prison imposed in the first case. The Court appointed counsel to represent the petitioner on his motion and after a hearing thereon, the Court dismissed the motion, 202 F.Supp. 15. The petitioner appealed and on appeal petitioner's court-appointed appellate counsel discovered that the formal written judgment of sentence in each of the eight cases did not follow in each instance the sequence in which the oral sentences had been pronounced. The Appellate Court remanded the cases on October 29, 1962, with directions to correct the written judgments to conform with the oral pronouncements of sentences, 309 F.2d 686 (4th Cir. 1962). Rakes filed a petition for a writ of certiorari with the United States Supreme Court which was denied on May 27, 1963, 373 U.S. 939, 83 S.Ct. 1543, 10 L.Ed.2d 694.

On September 14, 1962, while his appeal in Civil Number 503, Court of Appeals Number 8576, was pending in the Court of Appeals, Rakes filed in the District Court a new motion, Civil Number 551, styled "Motion to vacate or set aside judgment pursuant to Section 2255, Title 28 United States Code, and Rule 32(d), 18 U.S.C.A. rule 23A Federal Rules of Criminal Procedure and the Constitutional Amendment". Rakes in this petition alleged that he entered his pleas of guilty to the charges in the eight indictments in reliance upon certain representations made to him by a Federal Agent which representations later proved to be false; that the evidence against him was obtained through entrapment; that he did not have effective representation of counsel; that he was ignorant of his constitutional rights and was not ad-

vised of the same and that his counsel did not have sufficient time to prepare his case for trial.

The Court discussed all of these allegations in an unreported memorandum opinion filed on October 23, 1962 and dismissed the motion without a hearing, relying in part on Sanders v. United States, 297 F.2d 735 (9th Cir., 1961). The petitioner appealed from the Court's order of dismissal and on January 21, 1963, the Court of Appeals entered an order dismissing the appeal as being "without merit and frivolous."

The petitioner, on February 4, 1963, notified the Clerk of the Court of Appeals that he intended to file a petition for a writ of certiorari with the Supreme Court in Civil No. 551 (No. 8852 in the Court of Appeals), and requested the Clerk to transmit a transcript of the proceedings to the Clerk of the Supreme Court, which was done on the same day. Rakes never filed his petition for a writ of certiorari in this proceeding, and the record was subsequently returned to the Clerk of the District Court.

On March 18, 1963, the Clerk of the District Court received from Rakes "Motion for leave to file petition to vacate sentence and to file, prosecute and proceed in Forma Pauperis"; "Petition to Vacate Sentence"; and "Affidavits of Evidence". The Court reopened Civil No. 551 and ordered these new documents filed therein and again appointed counsel to represent Rakes.

The only new allegations made by Rakes in his new petition which had not been raised in his previous motions were: that he was not given copies of the indictments before he was called upon to plead thereto in violation of Rule 10 of the Federal Rules of Criminal Procedure; that the Court failed to give him an opportunity to make a statement in his own behalf before imposing sentence upon him, in contravention of Rule 32(a) and that the Court failed to first determine that his pleas were entered voluntarily in violation of Rule 11. After several informal conferences with court-assigned counsel and the United States Attorney, the Court, on October 17, 1963, entered an order dismissing the proceeding.

The petitioner, Rakes, again appealed from the order of dismissal and on January 10, 1964, the Court of Appeals, noting that Sanders v. United States, 297 F.2d 735 (9th Cir., 1961), upon which this Court and the Court of Appeals had previously relied, had been reversed by the Supreme Court, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), remanded the case to this Court for a hearing on the merits of the various allegations made by Rakes in his petitions.

Again, while Civil Number 551 was pending on appeal before the Circuit Court of Appeals, on December 9, 1963, Rakes filed in this Court another petition, Civil No. 607, which is styled "Petition for writ of mandamus, motion for change of venue, pursuant to Rule 21 Fed. Rules of Criminal Procedure, Title 18, United States Code." In this petition, Rakes alleges misconduct on the part of his court-appointed counsel in his prior cases, the Court, the United States Attorney, the probation officer and officers of the Alcohol and Tobacco Tax Division of the Internal Revenue Service. He then asks that his cases be transferred to another district for hearing because "this Court has shown prejudice toward him". Rakes further requests that a transcript of the proceedings in criminal case No. 6220 in which he was sentenced on September 13, 1957 to four years in prison and a $3,000.00 fine, on a charge of violation of 18 U.S.C. § 371, (conspiracy to violate the internal revenue laws relating to whiskey). Rakes states as his reason for the request for the transcript "is that he wishes to file a motion under Section 2255, Title 28 U.S.C. to vacate and set aside the said sentence imposed upon the Petitioner September 13, 1957. Cr. No. 6220". Rakes says that his plea of guilty to the 1957 conspiracy charge was entered invountarily "because his attorney had told him that the United States Attorney, and the A.T.T.U. Agents had threatened to ask the Court to impose a ten year sen-

tence upon him, if he didn't enter a plea of Guilty, His attorney also told him that he thought he could get the said Petitioner off with a two year sentence, if he would enter a plea of Guilty." Rakes further states he was "denied aid of competent counsel, because his attorney was tried in front of the same Judge John Paul himself in 1935".

Rakes also alleges that the trial judge made the statement in imposing sentence that "he and the Government agents had a meeting at the Hotel the night before sentence was imposed. And they had agreed on the amount of sentence that was to be imposed on each defendant". The only other allegation made by Rakes, upon which he seeks to set aside his 1957 conviction and sentence is that the presentence report of the probation officer contained false and perjurious statements.

The Court caused a copy of the petition in Number 607 to be served upon the United States Attorney, and appointed counsel to represent Rakes in the proceeding, and ordered that Civil No. 607 be consolidated with Civil No. 551 for hearing on March 23, 1964, which hearing was subsequently continued until May 1, 1964, in order that petitioner might arrange to take depositions of certain witnesses.

██ Pursuant to the mandate of the Court of Appeals, a hearing was held in Civil Numbers 551 and 607, consolidated on May 1, 1964, at which the petitioner was present in propria persona and testified in his behalf. He was represented by John W. Carter, Esquire, of Danville, Virginia, and B. A. Davis, III, Esquire, of Rocky Mount, Virginia, by appointment of this Court. Both of these gentlemen are able, experienced and competent counsel, who have represented Mr. Rakes, without compensation, as court-assigned counsel, in his various cases before this Court. Mr. Carter has been a member of the bar for some sixteen years and has a large criminal and civil practice in both the Federal and State Courts. Mr. Davis has served as Assistant United States Attorney for three years and likewise has a large criminal and civil practice in both the State and Federal Courts. Any intimation by Rakes in his petitions that these attorneys have not properly and competently represented him in his several cases is completely unwarranted and unjustified. Prisoners are all too prone to attack the competency of their counsel subsequent to their conviction and sentence. Little do they realize the time and effort a conscientious attorney exerts on their behalf, and in the case of court-appointed counsel, the personal sacrifice made by counsel in representing them without compensation.

Rakes was indicted on February 12, 1957, along with nineteen others, on a charge of conspiracy to violate the Internal Revenue Laws, 18 U.S.C. § 371. On September 11, 1957, Rakes entered a plea of not guilty and he, along with ten of his co-defendants, were put on trial before a jury. During the course of the trial on September 12, 1957, Rakes and seven of his co-defendants changed their plea from not guilty to guilty. (Of the remaining three co-defendants who were being tried before the jury, two were convicted by the jury and the Court sustained a motion for a judgment of acquittal as to the other defendant).

Rakes had two prior convictions of violating the Internal Revenue laws. On October 21, 1948, he was convicted and sentenced to serve six months in prison and fined $200.00.

On July 2, 1951, he was again convicted and was sentenced to serve 15 months in prison. In addition, Rakes had a record of misdemeanor violations in the State Court. On September 13, 1957, the Court sentenced Rakes to serve four years in prison, upon his plea of guilty to the conspiracy charge.

Rakes was conditionally released from prison on July 6, 1960, and on September 30, 1960, through the efforts of an Alcohol and Tobacco Tax undercover agent, Rakes was found to have resumed his illegal whiskey traffic on a substantial basis. As a result of the undercover investigation, Rakes was charged with removing and concealing illegal whiskey

in the aforementioned eight indictments, to which he entered pleas of guilty on February 13, 1961. In addition, Rakes was charged in the Middle District of North Carolina with conspiracy to violate the Internal Revenue laws, to which charge Rakes entered a plea of guilty in March of 1961. He was sentenced on the conspiracy charge to four years imprisonment, execution of which was suspended and he was placed on probation for a period of five years following his release from prison on the sentence received in this Court.

It appears that Rakes has fourteen months of his conditional release time to serve on his 1957 sentence following the completion of the five-year sentence imposed upon him by this Court in February, 1961. The Court has been advised that Rakes began to serve the fourteen months remaining on the 1957 sentence on June 26, 1964.

█ At the hearing on May 1, 1964, Rakes advised the Court that he desired the petition filed in civil number 607 to be treated as a petition in the nature of *coram nobis* and the Court, having previously denied the petitioner's motion for a transfer of the case to another district, heard testimony relating to the allegations contained in said petition. At that time, the Court advised the petitioner that he would order the Court Reporter to transcribe that portion of the 1957 proceedings relating to Rakes. However, the Court Reporter has advised the Court that it would be impossible to pick out that portion of the record relating only to Rakes and it would be necessary to transcribe the entire record of the proceedings on September 11, 12 and 13, 1957. It is the duty of the district court to first determine that the petitioner has stated a proper ground for relief and that a transcript is indispensable to a determination of the issues before putting the government to the expense of transcribing the record. The petitioner is not entitled to a transcript at government expense in order that he might search the record for error. See United States v. Glass, 317 F.2d 200 (4th Cir.

1963). Rakes in his petition, states as his reason for requesting the transcript "that he wishes to file a motion under Section 2255, Title 28 U.S.C. * * *", and in the hearing he stated that he wished to amend his petition after he received a copy of the transcript. Clearly, the petitioner lacks faith in the allegations he has made in his petition and hopes to find something in the transcript to bolster his petition.

The Court has given the petitioner an opportunity to adduce evidence, at a plenary hearing, as to any grounds upon which he feels that he is entitled to relief as to his 1957 sentence. The only additional matter stated at the hearing that is not contained in the petition is that in the course of the trial before he changed his plea to guilty a federal agent, "Raymond Hart, gave a lot of perjured testimony against me".

The petitioner was represented in the 1957 trial by counsel of his own choosing and apparently followed the advice of his counsel by changing his plea of guilty during the course of the trial. The fact petitioner received a sentence more severe than his attorney may have represented to him that he would get upon a plea of guilty is no basis for vacating the sentence. There is no allegation or evidence that the Court or the United States Attorney made any promises to the petitioner or misled him in any way. The advice of his attorney to change his plea to guilty was probably very sound advice. See Meredith v. United States, 208 F.2d 680 (4th Cir., 1953).

██ Even if after petitioner entered his plea of guilty, but prior to imposition of sentence, Judge Paul made the statements attributed to him by the petitioner, he was not prejudiced thereby. See United States v. Carnley et al., 289 F.2d 63 (4th Cir., 1961). Likewise, assuming the pre-sentence report of the probation officer contained information that was incorrect, this fact would not furnish the petitioner grounds for a collateral attack upon the sentence imposed upon him by the Court. Moon v. United

States, 106 U.S.App.D.C. 301, 272 F.2d 530, 532 (1959).

The petitioner delayed for more than six years to attack his 1957 sentence and now the sentencing Judge, the United States Attorney, and petitioner's counsel at the time of the trial in 1957 are all deceased. While the petitioner may file a motion in the nature of *coram nobis* at any time, lapse of time affects the good faith and credibility of the petitioner. Aiken v. United States, 191 F. Supp. 43 (M.D.N.C.1961), affirmed 296 F.2d 604 (4th Cir., 1961).

From the allegations contained in the motion filed in civil action No. 607, and the evidence adduced at the hearing held on May 1, 1964, the Court is of the opinion that the motion is frivolous, without merit and lacking in good faith. The Court, therefore, denies in all respects the petitioner's motion in Civil No. 607, including his motion for a transcript of the proceedings in the 1957 case, at government expense.

As to the issues raised by the allegations in the Motion filed in Civil Number 551 and the additional allegations contained in the supplemental motion filed on March 18, 1963, the Court finds that the petitioner has not sustained the burden of proving by a preponderance of the evidence that he has been denied a constitutional right in connection with his guilty pleas which resulted in the judgments he seeks to have vacated. Having failed in his burden of proof the motions must be denied. Miller v. United States, 261 F.2d 546 (4th Cir., 1958).

The principal allegation of the petitioner in Civil Number 551 is that he entered his pleas of guilty because of representations made to him by an agent of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, Fred Murrell, that if the petitioner entered pleas of guilty to the eight indictments, the charges would be transferred to the Middle District of North Carolina and consolidated there with a conspiracy charge pending against him in that District and that if he went to prison at all

he would only have to serve his conditional release time, remaining from his 1957 sentence. The petitioner further alleges that Mr. Murrell told him not to tell his attorneys about the arrangement; that the petitioner did not need an attorney; that he (the agent) would act as his attorney and could do more for the petitioner than any attorney could.

The petitioner waited for eighteen months after entering his pleas of guilty and the imposition of sentence before alleging that he had been misled into entering pleas of guilty to the eight indictments on February 13, 1961. During that eighteen months, the petitioner's attorney had moved the Court for a reduction of sentence; the petitioner's wife had personally been in contact with the Court on the petitioner's behalf and the petitioner had filed one post conviction proceeding, Civil Number 503. At no time in all these contacts with the Court did the petitioner or anyone on his behalf, in any way intimate that he had been misled into entering his pleas of guilty. Under these circumstances, the Court finds the assertions of Rakes that he was induced into entering pleas of guilty by the Federal Agent incredible. Had such misrepresentation in fact been made, the petitioner would have undoubtedly called it to the Court's attention in his motion for a reduction in sentence, or the petitioner would have alleged the misrepresentation in the motion, Civil No. 503, filed on August 3, 1961. However, the allegation was not made until September 14, 1962, more than a year after he had filed his first motion. Again, the lapse of time substantially affects the good faith and credibility of the petitioner. Aiken v. United States, supra, 191 F.Supp. 43, 50 (M.D.N.C. 1961).

The testimony of the agent, Fred Murrell, now Assistant Chief of the Enforcement Branch of the Alcohol and Tobacco Tax Division of the Internal Revenue Service for the Cincinnati Region, completely refutes the allegations made by the petitioner. Mr. Murrell did tell the petitioner that in order for him to have

818

his cases in this district transferred to the Middle District of North Carolina under Rule 20 of the Federal Rules of Criminal Procedure, it would be necessary for him to enter a plea of guilty to those charges in this district. This, of course, is not entirely correct, since the petitioner, had he been eligible for such a transfer of his cases under Rule 20, would have been required to enter his pleas of guilty in the Middle District of North Carolina upon the transfer of the cases to that district. However, the petitioner was not eligible for a transfer of the cases in this district to North Carolina under Rule 20, since he was arrested in this district on those charges and not in the Middle District of North Carolina.

The Court is of the opinion that no inducement, representation or assurance was given by Mr. Murrell or any other government agent or official to induce the petitioner to enter his pleas of guilty. It is further the opinion of the Court that the petitioner voluntarily entered his pleas of guilty to the charges with an understanding of the nature of the same.

 The petitioner further contends that he was not given copies of the indictment before being called upon to plead thereto as required by Rule 10 of the Federal Rules of Criminal Procedure and the stenographic transcript of the proceedings at the time the petitioner's pleas were taken fails to show that he was furnished with copies of the same. It is the usual practice in this district for the United States Attorney to furnish counsel for the defendant or the defendant, if he is not represented by counsel, with a copy of the indictment prior to arraignment. Normally, it is stated for the record that the defendant has been furnished with a copy of the indictment, prior to calling for the defendant's plea. The Court feels that the defendant or his counsel was furnished with copies of the indictments prior to arraignment, but since there is no affirmative showing of that fact in the record, the Court for the purpose of this hearing, concludes that

the petitioner, as he contends, was not furnished with copies of the indictments. The stenographic transcript shows that the charges were explained to the petitioner in detail before he was called upon to plead thereto. The Court is convinced that the petitioner fully understood the charges against him at the time he entered his pleas and there is no allegation by the petitioner to the contrary. The failure to furnish petitioner with copies of the indictments does not render the judgments subject to collateral attack, Ray v. United States, 192 F.2d 658, 659 (5th Cir., 1951).

 The petitioner alleges and the stenographic transcript discloses that the Court failed to afford the petitioner the right of allocution before imposing sentence as required by Rule 32(a) of the Federal Rules of Criminal Procedure. The Court has received a number of letters from the petitioner relative to his sentence and, as hereinbefore mentioned, has had talks with petitioner's wife and counsel on several occasions since the sentences were imposed. Nothing substantial has been shown or stated in mitigation of punishment in all of these contacts with the Court. The Court is of the opinion that the failure of the Court to grant the right of allocution before sentencing in this case is not such a fundamental defect as to require the Court to set aside the judgments of conviction and resentence the petitioner after granting the right of allocution. See United States v. Bebik, 302 F.2d 335 (4th Cir., 1962); Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The petitioner asserts that the Court did not first determine that his pleas of guilty were voluntarily made before accepting them in violation of Rule 11, of the Federal Rules of Criminal Procedure. The stenographic transcript refutes this assertion. The Court inquired of the defendant personally after his attorney had entered a plea of guilty to each indictment whether he concurred in the plea entered on his behalf by

his counsel. In each instance, the petitioner answered in the affirmative.

While the arraignment of the petitioner in these cases left much to be desired, the Court concludes that there is no jurisdictional error or a fundamental defect in the proceedings resulting in a miscarriage of justice. Therefore, the motion of the defendant to set aside and vacate the sentences of imprisonment imposed upon him on February 13, 1961, and his motion to withdraw his pleas of guilty are denied.