**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Eugene LEE, Defendant-
Appellant.**

**No. 71–1327.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1971.

Robert Eugene Lee, in pro. per.

Jerald E. Olson, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Paul S. Fenton, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before KOELSCH, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

During recent years the federal courts have been deluged with petitions by state prisoners seeking writs of habeas corpus and petitions by federal prisoners seeking comparable relief under 28 U.S. C. § 2255. Most of these petitions are prepared without the assistance of counsel, and as a result it is often difficult to tell just what legal ground for relief, if any, the petitioner has. Moreover, because principles of *res judicata* do not apply, many prisoners file repeated applications, a practice that seems to be accelerating.

In order to protect themselves against the often futile and always time-consum-

ing workload that these petitions entail, the district courts have adopted various expedients. One, which has become almost universal, is a rule of court requiring that considerable specified information be stated in the petition. The rule is implemented by a requirement that a prescribed form be used, and we have upheld such a requirement. Hooker v. United States, 9 Cir., 1967, 380 F.2d 5. Such a rule (Rule 34) is in force in the Western District of Washington, from which this appeal comes.

In addition, the District Judge who received Lee's petition has adopted a form of order which is sent to each petitioner who asks the Clerk for the prescribed petition forms. Its purpose is to forestall repeated petitions, and its relevant content is set out in the margin.[1] This appeal attacks the validity of that order.

The appeal arises in this way: On October 1, 1968, petitioner Lee pled guilty to a charge of violating 18 U.S.C. § 2113(c). On October 25, 1968, he was sentenced to ten years. On February 2, 1970, he filed a petition for relief under section 2255. A copy of the order that we have mentioned had been sent to him with the forms for the petition. The sole ground stated in the petition was that he received only $75.00 of the money stolen in the bank robbery, and so could not, under 18 U.S.C. § 2113(b), be sentenced to more than one year. The court denied the petition and denied leave to appeal in forma pauperis. Lee did not pursue the matter further.

On October 23, 1970, Lee tendered a second petition for relief under section 2255, together with a motion for leave to proceed in forma pauperis. In the petition, Lee alleges:

"I was mentally incoptent, [sic] *before, during* and *after* entering my plea of guilty. Due to the fact I suffered from mental blackouts. See 'Attached exhibits—*A & B'*.

\* \* \* \* \* \*

"I have no real knowledge of my plea of guilty. Nor do I recall being in court. Thus at the time of my plea of guilty I was mentally incompetent and was not able to understand the proceedings against me."

The trial judge denied leave to proceed in forma pauperis. His opinion states:

"Defendant offered no reason why he did not make this claim in his earlier petition for § 2255 relief. In addition, he supported the motion with a copy of a doctor's report purporting to show he was under a doctor's care for occasional blackouts in January and February, 1968, which shows he must have been aware of the claimed defect at the time his earlier petition was filed.

"This is exactly the sort of second motion the Court's form order is designed to avoid. If this ground for relief had been mentioned in the earlier motion, it could have been considered and acted upon at that time, with considerably less expenditure of judge-time, a commodity which is in scarce supply in these days.

"The Court's order of June 5, 1969, told the defendant that any ground for relief not included would be deemed willfully omitted. It is incon-

---

1. "Whether or not previously specified in this or any other proceeding, petitioner must include in the appropriate spaces a statement of the grounds and supporting facts as to *each* and *every* asserted error, irregularity, illegality, or unconstitutional procedure of whatever kind or nature which petitioner claims improperly affected the prosecution or defense of his case, prevented a fair trial or which in any way might form a basis for setting aside or modifying the sentence and judgment he attacks in this proceeding. Supplemental details may accompany the form if desired, but no consideration will be given to contentions not first stated in the form itself.

"Any ground for relief under 28 U.S.C. 2254 or 2255 not included in this proceeding as above ordered will be deemed wilfully omitted by the petitioner and if presented at some later time will not be accepted or considered by the court."

352

ceivable that if the defendant had *truly* 'blacked out' at the time of plea and/or sentencing, he would have reserved such a claim in the face of such a stern warning. Be that as it may, the Court hereby deems that the claim made by petitioner in the motion lodged October 27, 1970 was willfully omitted by the petitioner, and it will not now be accepted or considered by the Court. It is therefore

"ORDERED that leave to proceed in forma pauperis is denied. \* \* \* "

The appeal is from that order.

The reasons given by the trial judge (apart from his reliance on the order quoted in footnote 1) are precisely the reasons used by this court in affirming denial of a section 2255 motion in Sanders v. United States, 9 Cir., 1961, 297 F.2d 735. The facts there are similar to the facts here. But the Supreme Court granted certiorari in *Sanders* and reversed. Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. We need not repeat here the reasoning of the *Sanders* opinion. The statutory provisions there considered (28 U.S.C. §§ 2255 and 2244(a)) have not since been amended in any material respect. And Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, on which the Court relied in *Sanders*, remains good law. *Sanders* and *Price*, taken together, make it clear that when a second application is presented resting on a new ground, the question is whether there has been an abuse of the remedy. Moreover, they make it equally clear that the burden is on the state or the government "to make that claim with clarity and particularity in its return to the order to show cause" (*Sanders, supra*, at 11, 83 S.Ct. at 1075, quoting *Price*) and that "it would be unfair to compel the habeas applicant, typically unlearned in the law and unable to procure legal assistance in drafting his application, to plead an elaborate negative." (Id. at 11, 83 S.Ct. at 1075.)

Thus, apart from the order upon which the trial judge partially relied, the order appealed from cannot stand.

Does the court's form order solve the problem? It appears to have been adopted in response to the following statement in the *Sanders* opinion:

"Finally, we remark that the imaginative handling of a prisoner's first motion would in general do much to anticipate and avoid the problem of a hearing on a second or successive motion. The judge is not required to limit his decision on the first motion to the grounds narrowly alleged, or to deny the motion out of hand because the allegations are vague, conclusional, or inartistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief. Certainly such an inquiry should be made if the judge grants a hearing on the first motion and allows the prisoner to be present. The disposition of all grounds for relief ascertained in this way may then be spread on the files and records of the case. Of course, to the extent the files and records 'conclusively show' that the prisoner is entitled to no relief on any such grounds, no hearing on a second or successive motion, to the extent of such grounds, would be necessary."

The order should be helpful in accomplishing what the Supreme Court suggested, as it relates to the first petition. No doubt, in many cases, it will bring out in the first petition all of the possible grounds for the writ or motion that the petitioner has. Furthermore, if the state or the government chooses to assert that a second petition is an abuse of the remedy, as discussed in *Sanders*, the fact that the petitioner had the form order when he prepared his first petition may help to support that assertion. But we are of the opinion that *Sanders* does not permit the use of such an order as a substitute for the procedure that *Sanders* requires. Insofar as the order purports to have that effect, it is invalid.

Reversed and remanded for further proceedings consistent with this opinion.