**Mickey E. VANATER, Appellant,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.**

**No. 10726.**

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1967.

Decided May 24, 1967.

---

4. The General Counsel originally charged refusal to bargain on August 27. This was later amended to July 28.

John D. Phillips, Jr., Wheeling, W. Va. (Court-assigned counsel), for appellant.

Leo Catsonis, Asst. Atty. Gen. of W. Va. (C. Donald Robertson, Atty. Gen. of W. Va., and Morton I. Taber, Asst. Atty. Gen. of W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge.

Six years after being sentenced to life imprisonment as a recidivist, it occurred to West Virginia state prisoner Mickey E. Vanater that he had been wrongfully "induced" to plead guilty to a third felony upon which the recidivist conviction rested.[1] Denied post-conviction relief in the West Virginia Supreme Court, Vanater filed a petition for a writ of habeas corpus in the United States District Court, and that court, after a plenary hearing, dismissed the petition. We affirm.

*Whether The Plea Was Voluntary*

At the beginning of the exhaustive hearing in the district court, it was agreed that Vanater's "main contention" was that his plea of guilty was "induced," i. e., involuntary. We have carefully examined the transcript of 120 pages of testimony taken before the district judge. It is one of sharply conflicting testimony. Although Vanater testified at one point that "I'm not claiming that there was any deal made," both prior and subsequent thereto, he told in great detail that the prosecuting attorney had promised him that if he pleaded guilty the maximum punishment would be ten years, and impliedly, that no proceeding based on the recidivism statute would be instituted.[2] Vanater's story was flatly contradicted by the as-

---

1. Although a motion was made in April 1958 to quash the information charging Vanater with being an habitual criminal, the grounds set forth did not mention wrongful inducement, nor was there any contention at that time that his guilty plea to the third felony was involuntary.

2. Vanater was convicted in 1948 of breaking and entering, and again in 1950 of a burglary type offense. His plea of guilty to breaking and entering in February 1958 constituted the third offense, which under West Virginia's recidivist statute made him subject to imprisonment for life as an habitual criminal. W.Va.Code § 61–11–18.

sistant prosecuting attorney accused of making the promise, another assistant, and an officer who was present during the conversations. According to all of them, the conversations related to a planned jail break and nothing whatsoever was said about whether Vanater would be charged as a recidivist—regardless of what his plea might be to the substantive offense.

There would be no doubt about the district judge's resolution of this strictly factual controversy except that Vanater's story is afforded some degree of plausibility by the testimony of his lawyer. Edward W. Hiserman represented Vanater, Elwood McClure, and another codefendant charged with breaking and entering in eleven indictments. In another habeas corpus proceeding initiated by McClure, Hiserman testified with respect to why McClure pleaded guilty: "The reason for this was twofold: First, that in talking to the prosecutor that handled the case I was informed that it was unlikely that, so far as the other defendant, Mickey Vanater, was concerned, because Mickey had cooperated with the State in some respects that the State didn't feel that it wanted to or would likely file an information, and if it didn't in the Vanater case it wouldn't in the McClure case." [3]

In Vanater's hearing below, Hiserman affirmed his prior testimony but stopped short of testifying that Vanater was misled into pleading guilty by a false promise of the prosecuting attorney. Instead, he explained Vanater's decision to plead guilty on the ground that he and Vanater both knew [4] that if he stood trial (pleaded not guilty) an information charging him with recidivism probably would be filed against him, and that if he pleaded guilty there was a good chance that no such proceeding would be begun.[5] The

testimony of the prosecuting attorney that he exercised discretion as to whether or not to file an information charging recidivism supports this explanation.

■ The burden of proof rested upon petitioner Vanater to establish that his guilty plea was involuntary. That burden must be sustained by a preponderance of the evidence. Bates v. Meadows, 358 F.2d 674, 675 (6th Cir. 1966), and cases cited therein. The district court concluded that petitioner's testimony was not convincing. It found as a fact that he entered his plea freely and voluntarily, and failed and refused to find that the prosecuting attorney had induced his plea by false promises.

■ This court is bound by the district court's findings of fact unless they are shown to be clearly erroneous. Fed. R.Civ.P. 52; Root v. Cunningham, 344 F.2d 1, 2 (4th Cir. 1965). The "clearly erroneous" rule applies to habeas corpus proceedings. Barber v. Gladden, 327 F.2d 101, 103–104 (9th Cir. 1964).

■■ Disappointed hope or expectation of leniency—so long as it is not wrongfully induced by the government—does not justify withdrawal of a guilty plea nor afford occasion for invalidating it. United States v. Taylor, 303 F.2d 165, 168 (4th Cir. 1962). The conclusion that the plea of guilty was voluntary is not clearly erroneous.

### Whether The Right To Counsel Was Denied

Admittedly competent counsel representing Vanater suggested to the district court a "minor issue," i. e., the contention that Vanater was effectively denied the right to counsel because the attorney he and his brother selected and employed for him also represented two codefendants. The changing concept of right to counsel is not the same as it was in

---

3. See McClure v. Boles, 233 F.Supp. 928 (N.D.W.Va.1964).

4. The source of knowledge was said to be experience in the criminal courts.

5. Hiserman also suggested perhaps the best possible reason for a guilty plea:

that Vanater surely would have been convicted anyway. It should be noted that Vanater apparently got some advantage out of his guilty plea: ten additional breaking and entering indictments were dismissed.

1958. Even now, it is certainly permissible to infer that Vanater himself, with a full comprehension of the significant facts, may have waived his right to counsel unhampered by representation of possible conflicting interests. Cf. Case v. State of North Carolina, 315 F.2d 743 (4th Cir. 1964). Edward W. Hiserman was not appointed to represent Vanater, but was employed by Vanater and/or his brother,[6] and Vanater knew that Hiserman represented two of the three codefendants. But it is unnecessary to determine this right to counsel question.

Since Vanater contends that he was led to plead guilty by the prosecutor's *direct* promise to him and it is clear that Hiserman's representation of other codefendants did not enter into Vanater's decision to plead guilty, the conflict of interest contention is swallowed up in the guilty plea and waived. Kagen v. United States, 360 F.2d 30 (10th Cir. 1966); Gilmore v. People of State of California, 364 F.2d 916 (9th Cir. 1966); United States ex rel. Pizarro v. Fay, 353 F.2d 726 (2d Cir. 1965); United States ex rel. Martin v. Fay, 352 F.2d 418 (2d Cir. 1965); Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, cert. denied 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958). "[T]he plea of guilty, in the absence of a showing of prejudice to the accused, was a waiver of all non-jurisdictional defects." Lattin v. Cox, 355 F.2d 397, 398 (10th Cir. 1966). As Judge Tuttle said, writing for the Fifth Circuit in a case wherein the same contention was made (conflict of interest due to representation of multiple defendants): "[S]ince the Court has found the guilty plea was voluntary the appellant must be said to have waived the conflict of interest theory." Martin v. United States, 256 F.2d 345, 349 (5th Cir. 1958).

If it be assumed that Vanater's right to counsel was infringed, it is clear beyond a reasonable doubt that he was not thereby prejudiced, and the error, if any, was harmless. See Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Turner v. State of Maryland, 318 F.2d 852, 854 (4th Cir. 1963); cf. Whitaker v. Warden, 362 F.2d 838 (4th Cir. 1966).

Affirmed.

---

6. The testimony is garbled as to which one chose him and paid him, but clear that one of them did.