**Wayne E. CONLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22370.**

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1969.

Rehearing Denied Feb. 27, 1969.

Wayne E. Conley (argued), for appellant.

Mary A. Nordale (argued), Asst. U. S. Atty., Edgar P. Boyko, Atty. Gen., Anchorage, Alaska, for appellee.

Before BROWNING, DUNIWAY, and CARTER, Circuit Judges.

PER CURIAM:

Appellant went to trial on a charge of first-degree murder under 18 U.S.C. § 1111(b). He was convicted of second-degree murder on his plea of guilty entered after the prosecution had concluded its case-in-chief. He moved to vacate sentence under 28 U.S.C. § 2255. After an evidentiary hearing, the district court denied relief in a thorough opinion. On appeal from that decision, we affirm.

1. Appellant argues that his plea was invalid for two reasons: first, because it was induced by a promise of probation; second, because, due to amnesia, appellant could not remember the crime or events immediately preceding it at the time of the plea.

The district court found that appellant's guilty plea was voluntary. We may reverse only if that determination was clearly erroneous. Knowles v. Gladden, 378 F.2d 761, 766–767 (9th Cir. 1967); Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Fed.R.Civ.P. 52(a). The district court found that no promise of probation was made to appellant, and

that though the possibility of probation was suggested by a government psychiatrist who had been subpoenaed as a witness at appellant's request, appellant was told that this contingency depended upon a favorable recommendation by the Bureau of Prisons. The evidence supports these findings. Furthermore, before receiving appellant's plea the district court fully explained the range of punishment to which a plea of guilty would expose him. A disappointed hope for leniency does not, without more, render a guilty plea invalid (see Vanater v. Boles, supra; United States v. Taylor, 303 F.2d 165, 168 (4th Cir. 1962)), and the record sustains the district court's conclusion that no more was involved in this case.

In Maxwell v. United States, 368 F.2d 735, 739 n. 3 (9th Cir. 1966), we noted that a court may receive a guilty plea from a defendant who disavows memory of a crime if the plea is otherwise valid and a factual basis of guilt has been established. Here, the plea was entered only after the government had completed its case-in-chief, producing evidence which, in the judgment of the district court, would have supported a verdict of guilty of first-degree murder. We have no doubt that the evidence was sufficient to establish appellant's guilt of second-degree murder.

2. Appellant contends that errors occurred in the presentation of the government's case-in-chief prior to the entry of appellant's guilty plea. Unless these errors related to a deprivation of constitutional right and motivated appellant's guilty plea, the plea constitutes a waiver of appellant's objections (see, e. g., Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967). Appellant did not allege, or prove, that the plea was motivated in any way by the errors of which he complains. In any event, we concur in the holdings of the district court that appellant failed to carry his burden of proving misconduct by the prosecutor or incompetence by defense counsel.

3. Finally, appellant contends that there was undue delay in holding the section 2255 evidentiary hearing and that a witness, to whom he submitted interrogatories, should have been subpoenaed from Germany at government expense to testify at the hearing held in Alaska. No specific prejudice is alleged or appears to have occurred from either of these circumstances. The record reflects that the hearing conducted by the district judge was scrupulously fair.

Affirmed.