Nathan **BREEDEN**, Jr., Petitioner,

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–22–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Jan. 27, 1971.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Nathan Breeden, Jr. was convicted after a plea of guilty of the crime of malicious assault in the Corporation Court of the City of Charlottesville on September 23, 1966. He received a sentence of sixteen years and now, unhappy with his circumstances, he has submitted a petition for a writ of habeas corpus which has been filed in forma pauperis and transferred to this district by order of the United States District Court for the Eastern District of Virginia.

Breeden alleges that his conviction is Constitutionally defective on the grounds that he was the victim of an illegal search and seizure, that his guilty plea was coerced, and that he received ineffective assistance of counsel. The last contention was presented along with others to the Corporation Court of the City of Charlottesville by way of a petition for a writ of habeas corpus dated July 21, 1966. A hearing was had on this petition on May 24, 1967 and the writ was denied. This same contention and the two other questions presented here were incorporated into another petition dated July 26, 1967. The second petition was dismissed without a hearing on June 5, 1968 and the Supreme Court of Appeals of Virginia denied a writ of error to that judgment on January 21, 1969. The court concludes that Breeden has exhausted his state remedies as required by 28 U.S.C. § 2254.

The shooting which furnished the basis for the petitioner's conviction apparently occurred during some racial troubles in the City of Charlottesville. Breeden was arrested on August 14, 1965 and he denied any knowledge of the shooting. Mr. Claude Cotten, who was Breeden's employer and who had taken an interest in him, hired an attorney to represent him. Breeden at first denied his guilt to his attorney who informed him after the preliminary hearing that

there appeared to be a fairly good chance of winning an acquittal. Apparently the petitioner subsequently had a long talk with Mr. Cotten who influenced him to believe that he should tell the truth and take the consequences of his actions. Breeden then informed his counsel of his desire to plead guilty and the attorney made several visits with the Commonwealth Attorney to inquire about the possibility of a recommendation from him as to the length of sentence.

It is unclear whether Breeden made a confession to the police after he decided to plead guilty. His attorney testified at the state habeas corpus hearing that he understood Breeden had made such a confession. On the other hand Breeden, himself, testified that although he made a statement to the police, he did not admit his guilt.

Breeden's petition is wide-ranging and includes everything from a discussion of an alleged theory of Sigmund Freud to an accusation that the prosecution sacrificed him to appease the Negroes of Charlottesville. His real complaint seems to be that he feels he should have received a lesser sentence for his plea of guilty and that his attorney should have got a better bargain for him. He states that the Commonwealth took advantage of his honesty. Breeden's other suggestions as to what his attorney should have done are frivolous.

At the state habeas corpus hearing Breeden's attorney testified that the Commonwealth Attorney refused to recommend a sentence but did agree to recommend after trial that any time above ten years be suspended, which would not affect, however, the additional revocation of a suspended six year sentence. In fact Breeden did receive a sentence of sixteen years but the suspended six year sentence was not revoked. The attorney stated that Breeden knew he was faced with sixteen years. Mr. Claude Cotten also testified that Breeden understood the prospective sentence. Breeden's own testimony was unclear as to what actual time he thought he would have to serve.

It was the state court's implied finding of fact that Breeden knew the consequences of what he was doing: "I think that after he got down there he found things were much worse than he anticipated but I don't think he has carried the burden." This finding is substantiated by two letters from Breeden to his attorney which were introduced into evidence at the state hearing. In the first Breeden complimented the attorney on his representation and stated that he understood his sentence thoroughly. In the second, however, he stated that his present situation was intolerable and that he wanted a new trial.

■■ The court finds that the petitioner's allegations of ineffective counsel and coerced guilty plea are without foundation. A defense counsel has no duty to compel his client to plead not guilty when the client wishes to admit his guilt, even though a significant chance of acquittal may exist. The attorney made several attempts to secure a light sentence for Breeden and considering the fact that the previous suspended sentence was not revoked, the punishment does not strike the court as unreasonable. Breeden knew the nature of the charge and the potential time which he could receive. His plea was made voluntarily and understandingly. The fact that he now regrets his decision does not furnish a basis for negating his plea. "Disappointed hope or expectation of leniency—so long as it is not wrongfully induced by the government—does not justify withdrawal of a guilty plea nor afford occasion for invalidating it." Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

■ In view of the court's finding as to the nature of the guilty plea, it is not necessary to consider petitioner's allegation concerning an alleged illegal search and seizure. A voluntary and understanding plea of guilty acts as a waiver of non-jurisdictional defects. Vanater v. Boles, *supra.*

On the basis of the foregoing discussion, the petition for a writ of habeas

corpus is found to be without merit. Accordingly, it is the judgment of this court that the petition should be and hereby is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice shall state the following:

1. The judgment, order or part thereof appealed from;

2. The party or parties taking the appeal; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.