Raymond Franklin HONESTY,
Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 71-C-32-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 13, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by Raymond Franklin Honesty, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

The petitioner is currently serving a total sentence of forty years pursuant to judgments of the Circuit Court of Pulaski County, Virginia, imposed on June 22, 1966 for convictions of rape, grand larceny, robbery, and escape.

Because of the serious nature of the charges against him, two attorneys were appointed by the court to represent the petitioner. The petitioner entered a plea of guilty to each of the charges,

and the court, after hearing the testimony of the state witnesses, found the petitioner guilty as charged and entered judgment accordingly. From these convictions the petitioner did not appeal.

The petitioner has sought state habeas corpus relief in the Circuit Court of Pulaski County which denied his petition on June 23, 1970. From that denial the petitioner sought a writ of error with the Virginia Supreme Court of Appeals which found no reversible error and affirmed the lower court's decision on the state petition.

In the present federal habeas corpus petition, which was originally filed in the Eastern District of Virginia and transferred to this court, the petitioner alleges four instances of error committed by the state court in which his constitutional rights have been violated.

Petitioner's first allegation is that he was coerced into entering pleas of guilty and therefore his pleas were not freely, voluntarily, and intelligently made. The second allegation asserted by the petitioner is that he was denied effective assistance of counsel. Petitioner's third allegation is that the judgment was based on racial oppression and that Negroes were systematically excluded from the grand jury which indicted him. The petitioner's fourth allegation is that he suffered from inexcusable delay in the state court proceedings.

■ The petitioner alleges that the guilty pleas which he entered were coerced and not freely, voluntarily, and intelligently made. This court is of the opinion after careful examination of the record that his allegation is without merit. The record reveals that before the pleas were accepted by the court, the judge conducted an extensive examination of the petitioner to ensure that the petitioner understood the charges against him and the maximum penalties which could be imposed on each charge. The court also explained to the petitioner that he had a right to be tried by a jury. Furthermore, the court instructed the petitioner that he could plead not guilty and that the Commonwealth would have to carry the burden of proving his guilt beyond a reasonable doubt. Throughout this examination the petitioner indicated that he understood what the consequences of his guilty pleas were. After the prosecution had presented its case, the petitioner took the stand to testify in his behalf; however, after being informed of his privilege against self-incrimination by the court, he chose not to testify. The court also questioned the petitioner's attorneys as to whether they had explained the charges, penalties, and consequences of the guilty pleas to him. They both indicated that they had and that they felt that the petitioner had understood. The petitioner confirmed to the court that he had discussed his case thoroughly with his attorneys, that they had explained everything to him, and that he was satisfied with their representation. The record also shows that the petitioner was asked if he had been in anyway threatened or was he afraid of anybody. The petitioner replied that he had not been threatened and that he was not afraid.

It appears to this court that the petitioner's pleas of guilty were freely, voluntarily, and intelligently made and that the standards for guilty pleas set forth by the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969) were more than adequately met.

■ In light of the finding that the petitioner's pleas were voluntary, this court is of the opinion that the petitioner has waived his right to collaterally attack his convictions on the grounds set forth in his second and third allegations. It is a general principle that a voluntary plea of guilty forecloses subsequent collateral attack upon a judgment and sentence which is based upon nonjurisdictional defects. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967); White v. Pepersack, 352 F.2d 470 (4th Cir. 1965); Parks v. Peyton, 303 F.Supp. 330 (W.D.Va.1969). It should be added however, that examination of the record

by this court reveals that the representation afforded the petitioner by his attorneys was in no way inadequate or ineffective.

As to the petitioner's third allegation involving the systematic exclusion of Negroes from the grand jury, this court relying on White v. Pepersack, supra, held in Parks v. Peyton, supra, that the make-up of the grand jury is a nonjurisdictional matter and is therefore waived by a voluntary guilty plea.

While the petitioner has failed to exhaust his state remedies on his fourth claim involving inexcusable delay since he raised it for the first time in this petition, this court feels that it can properly rule that this allegation is frivolous, that the petitioner has waived his right to collaterally attack his convictions on this basis, and that it should be dismissed.

For the reasons herein given, the petition for a writ of habeas corpus is dismissed and the relief sought is denied.