**Robert Bruce BOYNTON, Petitioner,**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–120–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 29, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Robert Bruce Boynton, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241.

The petitioner is currently serving a total sentence of eleven years pursuant to judgments of the Circuit Court of Roanoke County, Virginia imposed on October 11, 1968 for three convictions of forgery and one conviction of grand larceny.

At his trial the petitioner, who was represented by his own retained attorney, entered a plea of guilty to each charge, and the court after hearing the evidence found the petitioner guilty and entered judgments accordingly. From these convictions the petitioner attempted to appeal; however, he failed to file a notice of appeal within the prescribed period and his right to appeal was denied.

Thereafter the petitioner sought state habeas corpus in the Circuit Court of Roanoke County which denied and dismissed his petition on July 25, 1969. From that denial the petitioner sought a writ of error with the Virginia Supreme Court of Appeals which found no reversible error and affirmed the lower court's decision on the state petition.

In the present federal habeas corpus petition, which was originally filed in the Eastern District of Virginia but transferred to this court, the petitioner alleges two instances of error committed by the state court by which his constitutional rights were violated. The first allegation asserted by the petitioner is that his pleas of guilty to the four charges were not voluntarily made. The petitioner's second allegation is that he was denied effective assistance of counsel.

As to the first allegation, the petitioner alleges that he entered his pleas relying on the promise of his retained counsel that he would get proba-

tion if he did so and that the failure of the court to grant bond influenced his pleas of guilty. This court is of the opinion that this allegation is without merit. The record of the petitioner's trial reveals that the judge questioned the petitioner as to his pleas of guilty and that the petitioner indicated that he was aware of his right to a jury trial, that he had consulted with his attorney and that it was his desire to plead guilty. The record further reveals that before pronouncing sentence the court again questioned the petitioner, and the petitioner stated that his attorney had fully advised him of his rights and that he was satisfied with the representation afforded by his counsel. In light of these findings, this court finds that the petitioner's pleas were entered with sufficient awareness of the relevant circumstances and likely consequences, and that they were free, voluntary and intelligent. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Guilty pleas based on reasonably competent advice of counsel are intelligent. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). As to the petitioner's contention that the court's failure to grant bond unduly influenced his pleas, this court fails to see any significance since the petitioner had originally failed to appear for trial after being placed on bond following his original arrest.

As to the petitioner's second allegation involving the denial of effective assistance of counsel, the petitioner has waived his right to collaterally attack his convictions on this basis since this court has determined that his pleas of guilty were free, voluntary and intelligent. It is a general principle that a voluntary plea of guilty forecloses subsequent collateral attack upon a conviction which is based on nonjurisdictional defects. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967); White v. Pepersack, 352 F.2d 470 (4th Cir. 1965). It should also be noted that the petitioner's attorney was one retained by him. The record further shows that the representation afforded by the petitioner's attorney was in no way inadequate or ineffective and that the petitioner stated to the judge in open court that he was satisfied with his representation.

For the reasons herein given the petition for a writ of habeas corpus is dismissed and the relief sought is denied.