Maurice GREGORY, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 78–1257.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.

Decided Oct. 30, 1978.

LEVIN H. CAMPBELL, Circuit Judge.

In 1971 Gregory was sentenced to twenty-five years imprisonment for two separate narcotics violations—conspiracy to violate the narcotics laws and sale of narcotics. On September 19, 1977 he filed a motion under 28 U.S.C. § 2255 to have that sentence vacated. His motion alleged that his sentence was predicated on a constitutionally erroneous presentence investigation report, that he was denied effective assistance of counsel at sentencing because this report was not made available to him, and that the twenty-five year sentence was so severe in contrast to those imposed on his codefendants that it violated the eighth amendment.[1]

Gregory's motion was denied without a hearing on March 24, 1978 [2] by the same judge who presided over his trial and sentenced him after conviction. The court stated that the sentence had not been based on the presentence report or on Gregory's prior criminal record, which was very minor,[3] but rather was imposed because the evidence established that Gregory was "the head and the brains of the largest and most sinister heroin ring" the judge had ever encountered. In making this determination the judge relied on his recollection of the trial and sentencing proceedings as well as on the records of the case. He also noted correctly, however, that in 1971 this circuit did not require that presentence reports be made available to convicted defendants and their counsel, and that the rule requiring disclosure adopted in *United States v. Picard*, 464 F.2d 215, 220 (1st Cir. 1972) did not operate retroactively. *United States v. O'Shea*, 479 F.2d 313 (1st Cir. 1973).

On appeal Gregory argues that the district court failed to comply with the rules governing § 2255 proceedings and that he was entitled to a hearing on his motion to

Maurice Gregory, on brief, pro se.

Edward F. Harrington, U. S. Atty., and Bruce A. Singal, Asst. U. S. Atty., Boston, Mass., on brief, for respondent, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

---

1. The sentences received by Gregory's codefendants ranged from five to twenty years imprisonment.

2. A motion for relief from this ruling was denied on June 19, 1978.

3. The criminal record contained no reference to any invalid convictions. *Cf. United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (resentencing required where sentence may have been based on prior convictions later held constitutionally invalid).

vacate. He asks us to remand the case for a "proper hearing consistent with the Rules" and for resentencing.

District courts must conduct hearings on § 2255 motions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings states:

> "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . ."

This circuit has held that, "[A] hearing generally is not necessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974).

 This case falls well within these guidelines. The district judge, on his own recollection[4] and the record, stated conclusively that the presentence report was not the basis of the sentence imposed. This finding, which cannot be overturned unless it is clearly erroneous, *United States v. DiCarlo*, 575 F.2d 952, 954–55 (1st Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978), establishes that the failure to disclose the report was immaterial. The remaining eighth amendment claim posed a question of law that could be disposed of without a hearing. Although the district judge did not deal explicitly with this issue, it is clear that this claim was untenable:

> Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences.

*Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970). Since the twenty-five-year sentence was within the statutory limits[5] and was supported by the evidence at trial, Gregory's claim that it constituted cruel and unusual punishment when contrasted with the sentences imposed on his codefendants was without merit. *United States v. Dawson*, 400 F.2d 194, 200 (2nd Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969); *Overstreet v. United States*, 367 F.2d 83 (5th Cir. 1966).

 Gregory suggests that the district court failed in other respects to comply with the rules governing § 2255 proceedings. His major complaint is that, by taking over six months to act on his motion, the district court failed to act "promptly" as required by Rule 4(b).[6] Given the business of the district court and Gregory's own eight-year delay in filing his motion, we are not so sure that six months was unreasonable. *See Reiff v. United States*, 299 F.2d 366, 367 (9th Cir. 1962), *cert. denied*, 372 U.S. 937, 83 S.Ct. 884, 9 L.Ed.2d 768 (1963). In any event, there is no indication that Gregory was prejudiced in any way by the alleged lack of promptness. *See Conley v.*

---

**4.** It is not improper for the trial judge to rely on his own recollection. *Stepheney v. United States*, 516 F.2d 7, 9 (4th Cir. 1975); *see Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. DiCarlo*, 575 F.2d 952, 954–55 (1st Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978).

**5.** Gregory is not challenging the validity of the statute under which he was convicted and sentenced. *Cf. United States v. Dawson*, 400 F.2d 194, 200 (2nd Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969) (chal-

lenge to sentence within statutory limits must be directed to the statute itself).

**6.** Rule 4(b) provides in pertinent part: "The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned." Plaintiff attempted to spur the district court into rendering its decision earlier by filing a Motion for Summary Judgment with it and a Petition for a Writ of Mandamus with this court.

*United States*, 407 F.2d 45, 47 (9th Cir.), *cert. denied*, 396 U.S. 853, 90 S.Ct. 113, 24 L.Ed.2d 102 (1969).

■ Gregory also suggests that the district judge should have disqualified himself from ruling on the § 2255 motion, since he originally imposed such disparate sentences on Gregory and his codefendants. The district judge correctly ruled that this was unnecessary. *Peterson v. United States*, 508 F.2d 1222, 1223 (8th Cir. 1975). The cases cited by Gregory, *United States v. Rosner*, 485 F.2d 1213, 1231 (2nd Cir. 1973), *cert. denied*, 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 622 (1974), and *Mawson v. United States*, 463 F.2d 29 (1st Cir. 1972), involved unique facts bearing on the ability of the judge to proceed with impartiality. Section 2255 requires that a motion to vacate be submitted to the sentencing court and does not provide that the motion must be heard by a different judge. There is no general requirement that the original sentencing judge disqualify himself. *See O'Shea v. United States*, 491 F.2d 774, 778–80 (1st Cir. 1974).

■ Gregory makes the contention that he was denied effective assistance of counsel because his counsel at sentencing, who had not represented him at trial, was denied a continuance in order to have a trial transcript prepared. As this contention was not, in any meaningful sense, made below, and was not therefore addressed by the district court, it may not be raised for the first time on appeal.

*Affirmed.*