981 F.2d 1245
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfred W. TAMBURRO, Plaintiff, Appellant,
v.
CITY of East Providence and State of Rhode Island,
Defendants, Appellees.
Alfred W. TAMBURRO, Plaintiff, Appellant,
v.
STATE of Rhode Island, Defendant, Appellee.
Alfred W. TAMBURRO, Plaintiff, Appellant,
v.
RHODE ISLAND DEPARTMENT OF CORRECTIONS, Defendant, Appellee.
Alfred W. TAMBURRO, Plaintiff, Appellant,
v.
RHODE ISLAND SUPREME COURT, Defendant, Appellee.
 Nos. 92-1321, 92-1322, 92-1323, 92-1324.
 United States Court of Appeals,
First Circuit.
 December 18, 1992
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Alfred W. Tamburro on brief pro se.
 James E. O'Neil, Attorney General, and Terence J. Tierney, Special Assistant Attorney General, on brief for appellee State of Rhode Island.
 William J. Conley, Jr., City Solicitor, on brief for appellee City of East Providence.
 D.R.I.
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff Alfred Tamburro appeals from a judgment of the district court dismissing his complaints in these four consolidated cases for failure to state a claim. We find no error and therefore affirm.
 
 
 2
 The district court, without objection from plaintiff, construed the complaints as setting forth claims for damages under 42 U.S.C. § 1983 for, inter alia, unlawful arrest and detention and malicious prosecution. Plaintiff now advances two issues on appeal. First, he contends that District Court Judge Torres erred in refusing to disqualify himself from these cases. He explains that Judge Torres, while a member of the Rhode Island Superior Court in 1985, was involved in one aspect of related litigation brought by plaintiff against some of the defendants here.[1] Plaintiff asserts that, due to such involvement, Judge Torres is an unnamed "John Doe" defendant in one of the instant cases, although he is unable to identify which one. These circumstances, plaintiff argues, required Judge Torres' recusal. We disagree.
 
 
 3
 28 U.S.C. § 455 provides that a judge "shall disqualify himself" when he "[i]s a party to the proceeding." Id. § 455(b)(5)(i). For the following reasons, we think the district court was justified in deeming this provision inapplicable here. First, the suggestion that Judge Torres is an unnamed defendant is simply too nebulous to render him a "party" for the purposes of § 455-particularly given plaintiff's inability to specify in which case the judge allegedly occupies such status. Second, recusal would not have been mandatory under § 455(b) even if Judge Torres had been a named defendant. In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) (table); see also, e.g., United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) (same), cert. denied, 435 U.S. 954 (1978). And it cannot be disputed here that the actions of a state court judge in denying in forma pauperis status are protected by judicial immunity and thus provide no legitimate basis for § 1983 liability. See, e.g., Pierson v. Ray, 386 U.S. 547, 553-55 (1967).
 
 
 4
 Nor did the district judge err in concluding that his prior involvement in the related state court proceedings did not give rise to circumstances "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This provision imposes an objective standard: whether a reasonable person knowing all the pertinent facts would harbor a reasonable doubt concerning the judge's impartiality. See, e.g., United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991). A decision not to recuse is reviewed for abuse of discretion. Id. "Only if the district court's decision to sit 'cannot be defended as a rational conclusion supported by [a] reasonable reading of the record' will we insist upon disqualification." In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)) (emphasis deleted), cert. denied, 495 U.S. 957 (1990). Without more, the mere fact that Judge Torres was involved in plaintiff's state court proceedings falls well short of mandating recusal, particularly given the tangential and cursory nature of that involvement. Much the way a judge is not barred from hearing a federal habeas petition due to the fact that he presided at trial, see, e.g., Gregory v. United States, 585 F.2d 548, 551 (1st Cir. 1978); Rule 4(a) of Rules Governing Proceedings Under 28 U.S.C. § 2255; see also, e.g., Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1408 (9th Cir. 1988) (extradition judge need not recuse himself in subsequent habeas proceeding), cert. denied, 490 U.S. 1106 (1989), Judge Torres' involvement in the earlier state court litigation provides no reasonable basis for questioning his impartiality.
 
 
 5
 Second, plaintiff complains of the procedure employed by the magistrate-judge leading up to the recommendation that the complaints be dismissed. Plaintiff's argument rests in large part on an erroneous premise: contrary to his suggestion, the magistrate-judge's ruling of January 28, 1992, did not recommend a dismissal on the merits but simply consolidated the cases on a procedural basis. On January 30, a hearing was conducted at which the magistrate-judge voiced doubts as to the viability of plaintiff's complaints. Plaintiff failed to address these concerns either at the hearing or thereafter, and the recommendation that the cases be dismissed was issued two weeks later. Under these circumstances, we think plaintiff was given ample notice that his complaints were vulnerable to dismissal and given ample opportunity to amend them. See, e.g., Pavilonis v. King, 626 F.2d 1075, 1078 n.6 (1st Cir.), cert. denied, 449 U.S. 829 (1980). In any event, plaintiff filed no objection to the February 13 Report and Recommendation and so waived any argument in this regard. See, e.g., Davet v. Maccarone, 973 F.2d 22, 31 (1st Cir. 1992) ("Failure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those not preserved by such objection are precluded on appeal.").
 
 
 6
 Affirmed.
 
 
 
 [1]
 In connection with civil actions plaintiff filed against various government officials for "harassment," then-Superior Court Judge Torres is said to have denied him in forma pauperis status, resulting in the dismissal of those actions