986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Francis ROURKE, Defendant-Appellant.
 No. 91-5182.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and BELOT,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant John Francis Rourke appeals from the district court's order, entered after remand, denying defendant relief under 28 U.S.C. § 2255. We affirm.
 
 
 3
 Defendant pleaded guilty to charges of importing controlled substances, in violation of 21 U.S.C. §§ 843(b), 952(a), and 960(a)(1), and assisting in filing a false income tax document, in violation of 26 U.S.C. § 7206(2). The district court sentenced him to eighteen years' imprisonment. Defendant subsequently challenged his convictions and sentence, and the district court denied relief.
 
 
 4
 On appeal, appellant asserted that he was under the influence of strong psychotropic medication at the time of his plea and sentencing which rendered him unable to understand and meaningfully participate in those proceedings. Because defendant asserted more than a conclusory claim that he was incompetent at the time of his guilty plea and at sentencing, this court remanded for an evidentiary hearing.
 
 
 5
 The district court held an evidentiary hearing and made findings of fact. Based on the documentary evidence submitted, testimony of the witnesses, and the court's independent recollection, the district court found that defendant was rational and competent at the time he entered his plea and at the time of sentencing. The court concluded that defendant was not affected by the medication prescribed for him and that he understood the consequences of his conduct and his decision to enter into a plea agreement.
 
 
 6
 On appeal defendant's counsel, who has been allowed to withdraw, argued in a brief that the district court erred in finding that defendant was mentally competent to enter a guilty plea and during sentencing. Defendant filed a supplemental pro se brief in which he challenges the testimony of several witnesses, questions the district court's independent recollection, asserts the drugs he was taking had detrimental side effects, and claims ineffective assistance of counsel at the evidentiary hearing on remand.
 
 
 7
 On appeal, we will sustain the findings of fact made by the district court after the evidentiary hearing, including findings as to mental competence, unless those findings are clearly erroneous. See Martinez v. United States, 423 F.2d 479, 481 (10th Cir.), cert. denied, 400 U.S. 846 (1970). After examining the briefs and record on appeal, we conclude that the evidence, which is recited in the district court's order of December 2, 1991, supports the district court's findings.
 
 
 8
 We are also satisfied that there is no merit to defendant's claim that his counsel at the remand hearing was ineffective. For the most part defendant's arguments to the contrary are conclusory. The affidavit of his trial attorney does not establish that defendant was incompetent at the time of the plea and sentencing. The response of the assistant federal public defender, who handled defendant's case after our remand, to defendant's motion to dismiss him as counsel outlines the prehearing and posthearing actions he and other federal defenders took pursuing defendant's case. Our examination of the record of the hearing and the record as a whole convinces us that the attorney provided competent counsel and that different strategy or actions by counsel would not have achieved the relief defendant sought.
 
 
 9
 The judgment of the district court is AFFIRMED. Defendant's request for appointment of counsel is denied as moot.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3