996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Francis ROURKE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
John Francis ROURKE, Defendant-Appellant.
 Nos. 92-5214, 92-5216.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendant John Francis Rourke pleaded guilty to charges of importing controlled substances, in violation of 21 U.S.C. §§ 843(b), 952(a), and 960(a)(1), and assisting in filing a false income tax document, in violation of 26 U.S.C. § 7206(2). He unsuccessfully challenged these convictions and his sentence.[1] Defendant now appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (No. 92-5214) and denial of his petition requesting the district court to recall and issue a new judgment on defendant's earlier motion to recall all copies of his presentence report (PSR) (No. 92-5216).
 
 No. 92-5214
 
 3
 In his § 2255 motion and on appeal, defendant makes the following arguments: (1) the district court adopted the recommendation of the magistrate judge without providing defendant an adequate opportunity to object as provided in 28 U.S.C. § 636(b)(1); (2) the district court erred in failing to appoint counsel and hold an evidentiary hearing on his § 2255 petition; (3) his conviction violated the constitutional guarantee against double jeopardy because he pleaded guilty to charges that were the subject of previous indictments and an earlier conviction, he was forced to abandon pending appeals, and the government provided the Oklahoma grand jury and the Parole Commission with evidence of defendant's prior convictions; (4) his guilty plea was involuntary, unlawfully induced, and constituted double jeopardy; (5) he was denied effective assistance of counsel; and (6) he was subjected to vindictive prosecution.
 
 
 4
 We reject defendant's assertion he was not provided an adequate opportunity to object to the magistrate judge's Report and Recommendation. That Report correctly noted that three of the four issues raised in defendant's § 2255 petition were already pending in the consolidated cases before this court. See United States v. Rourke, Nos. 90-5092, 90-5129 & 90-5130 (10th Cir. Dec. 3, 1990). Defendant responded to that Report and did not further object after our decision in those cases.
 
 
 5
 We reject defendant's argument that the district court erred in failing to appoint counsel and afford him an evidentiary hearing on his § 2255 petition. An evidentiary hearing is unnecessary when the record is conclusive that "the prisoner is entitled to no relief." 28 U.S.C. § 2255; Gregory v. United States, 585 F.2d 548, 550 (1st Cir.1978). The magistrate judge noted that disposition by this court of the three issues raised in defendant's § 2255 petition (double jeopardy, involuntary guilty plea and vindictive prosecution) would necessarily determine the outcome of the ineffective assistance of counsel claim. Under these circumstances defendant had no entitlement to court-appointed counsel and a hearing.
 
 
 6
 Defendant raises several double jeopardy arguments, all of which are an outgrowth of his guilty plea, prior indictments and convictions. We stated in our decision in his consolidated cases that "[a] voluntary guilty plea precludes a criminal defendant from subsequently asserting a double jeopardy defense that was not apparent on the face of the record before the court accepting the plea." United States v. Rourke, Nos. 90-5092, 90-5129 & 90-5130, slip op. at 6. We there rejected defendant's double jeopardy arguments concerning abandonment of his two pending appeals, challenging his Oklahoma indictment, and arguing he had not waived his double jeopardy defense in pleading guilty to the Oklahoma indictment. We reaffirm but do not repeat our analysis in that opinion.
 
 
 7
 Our recent determination that defendant's guilty plea was voluntary, United States v. Rourke, No. 91-5182, 1993 WL 53099 (10th Cir. Feb. 25, 1993), disposes of this double jeopardy argument.
 
 
 8
 Defendant's remaining assertions in this appeal concern ineffective assistance of counsel and vindictive prosecution. We have reviewed the record and briefs and agree with the analysis of the district court and reject these allegations for substantially the reasons stated in the district court order of September 30, 1992, at pp. 6-10. See also Rourke, Nos. 90-5092, 90-5129 & 90-5130; Rourke, No. 91-5182.
 
 No. 92-5216
 
 9
 The substance of appeal No. 92-5216 has also previously been considered by this court in the consolidated cases. Defendant sought review in appeal No. 90-5092 from the denial of his motion to recall all copies of his PSR. We dismissed that appeal for lack of appellate jurisdiction because defendant failed to file a timely notice of appeal.
 
 
 10
 Defendant then petitioned the district court for a de novo order on his original motion to recall copies of his PSR, in an attempt to create another appeal opportunity. The district court refused to issue a de novo order, and defendant appealed. Defendant's efforts to contrive substantive review of his motion to recall all copies of his PSR fails for several reasons. First, we have already rejected defendant's attempt to gain appellate review of the district court's denial of that motion. Second, we agree with the district court's determination that defendant's efforts are factually distinguishable from those in Wallace v. McManus, 776 F.2d 915 (10th Cir.1985). We are bound by the one year time limit contained in Fed.R.Civ.P. 60(b).
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant has pursued at least eleven appeals to this court