**Alberto A. CARTEGENA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Criminal No. 89–427–A.
Civil Action No. 96–473–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 3, 1997.

---

Joseph Bowman, Alexandria, VA, for Petitioner.

Jay Apperson, Asst. U.S. Atty., for Respondent.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. For the reasons stated below, Petitioner's Motion is GRANTED.

### I.

On February 28, 1990, Petitioner pled guilty to Counts I and IV of a five-count Indictment. Specifically, Count I charged a conspiracy to distribute and possess with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 846. That conviction is not in issue here. Count IV charged using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Counts II, III and V were dismissed by the Government.

On April 27, 1990, Petitioner was sentenced to 151 months on Count I, and 60 months on Count IV, with the 60 months to run consecutive to the 151 months as mandated by statute. On August 9, 1991, following a motion for reduction of sentence for substantial assistance pursuant to Rule 35 of the Federal Rules of Criminal Procedure, Petitioner's original sentence on Count IV was reduced by half to 30 months.

This Court has previously ruled that Petitioner's conduct did not violate the "use" prong of 18 U.S.C. § 924(c)(1) under the interpretation of Section 924(c)(1) announced in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On November 22, 1996, the Court held an evidentiary hearing for the limited purpose of determining whether the Petitioner "carried" a firearm during and in relation to a drug trafficking crime such that a conviction under 18 U.S.C. § 924(c)(1) would be appropriate. During that hearing, neither the Government nor the Petitioner put on additional evidence regarding the circumstances of Petitioner's arrest. The questions before the Court, then, are (1) do the general circumstances already before the Court establish that Petitioner "carried" a gun in light of the Fourth Circuit's recent holding in *United States v. Mitchell*, 104 F.3d 649 (4th Cir.1997), and, if not, (2) which party bears the burden of proving at this juncture whether Petitioner did or did not "carry" a weapon in violation of section 924.

### II.

A. The Facts Established Prior to the Evidentiary Hearing.

Although the Government produced no new evidence at the November 22, 1996 hearing, the Government nonetheless claims that the undisputed facts already before the Court support conviction under the "carry" prong of section 924.

The parties agree that on November 18, 1989, Petitioner rented Room 424 at the Howard Johnson's in Crystal City, Virginia where he remained until November 21, 1989. On November 20, 1989, Petitioner rented the adjoining room, Room 422, for two other individuals. During a consent search of Rooms 422 and 424, Drug Enforcement Administration ("DEA") agents recovered four small zip-lock bags of marijuana and a loaded 9mm Smith & Wesson semi-automatic pistol in one room.

■ In the room in which Petitioner and another individual were present, agents recovered what was later positively identified by DEA laboratory analysis to be 746.4 grams of cocaine base or "crack". The "crack" was found inside a one-gallon paint can hidden under a bed upon which petitioner's companion lay. The agents also recovered a loaded Interarms 9mm semi-automatic pistol under the mattress of the bed upon which Petitioner was sitting.

In its November 20, 1996 ruling in this case, the Court followed the Sixth Circuit's holding in *United States v. Riascos–Suarez*, 73 F.3d 616 (6th Cir.1996), cited favorably but not explicitly followed by the Fourth Circuit in *United States v. Hayden*, 85 F.3d 153, 162 (4th Cir.1996). In *United States v. Riascos–Suarez* the Sixth Circuit held that "in order for a defendant to be convicted of carrying a gun in violation of section 924(c)(1), the firearm must be immediately available for use—on the defendant or within his reach." 73 F.3d at 623. This standard—on the person or within his reach and immediately available for use—seems to be the prevalent yardstick among the Circuit Courts of Appeals. *See, e.g., United States v. Manning*, 79 F.3d 212, 216 (1st Cir.1996) (carrying a firearm in a briefcase is sufficient); *United States v. Giraldo*, 80 F.3d 667, 676–78 (2d Cir.1996) (where firearm was only within reach of front-seat passenger, front-seat passenger's conviction will stand, while back-seat passenger can not be convicted under "carry" prong); *United States v. Baker*, 78 F.3d 1241 (7th Cir.1996) (carrying a weapon in a vehicle on his person or within his reach, available for immediate use, will support a conviction under the "carry" prong); *United States v. Hernandez*, 80 F.3d 1253 (9th Cir. 1996) (on person or available for immediate use). However, the Fourth Circuit recently disavowed the "readily accessible" requirement applied in other circuits, holding that the plain meaning of "carry" depends more on actual transportation of the weapon than the weapon's accessability at any given time. *United States v. Mitchell*, 104 F.3d at 653–54; *see also United States v. Miller*, 84 F.3d 1244 (10th Cir., 1996) (transportation in a vehicle while in actual or constructive possession of the firearm is sufficient); *United States v. Farris*, 77 F.3d 391 (11th Cir.1996) (knowing storage of a weapon in the glove compartment of a car used as a "drug distribution center" is enough to support a conviction under the "carry" prong).

The Government asserts that under the holding in *Mitchell*, Petitioner may be convicted for "carrying" a weapon based only on the agreed facts presently before the Court. The defendant in *Mitchell* had pled guilty to violating section 924 after being arrested with a loaded weapon in his car. *Id.* at 651–52. After holding that the evidence presented did not support conviction under the "use" prong, the *Mitchell* court held that conviction under the "carry" prong was proper, since

> 'carry' as used in [section] 924(c)(1) requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner. The possession required may be actual (the firearm within the offender's immediate control) or constructive (the defendant exercises dominion or control over the weapon or the place where the weapon is located).

*Id.* at 653 (citations omitted). Thus, according to the Government, both the fact that Petitioner had constructive possession of the weapon at his arrest and the fact that the Petitioner traveled to Virginia allegedly with the gun in his possession[1] would independently support conviction.

First, while the Government may have proven that Petitioner "possessed" the weapon at his arrest, it has failed to assert any concurrent "bearing, movement, conveyance, or transportation of the firearm" necessary to support a conviction under section 924. *See Mitchell*, at 653 (citations omitted). Accordingly, Petitioner may not be convicted for "carrying" a weapon based only on the circumstances of his arrest.

Second, the Government asserts that Petitioner necessarily carried the gun when he

---

1. Nowhere in the Statement of Facts that supported Petitioner's plea of guilty is any reference made to transporting firearms, nor did the facts asserted by the Government during the plea colloquy mention transportation of firearms. *See, e.g.*, Tr. of plea colloquy, Feb. 28, 1990, at 20–21.

traveled between Virginia and New York. However, there is nothing in the Plea Agreement or Statement of Facts to support this supposition. Accordingly, this unsupported assertion also can not sustain Petitioner's conviction.

## B. The Burden of Proof.

Since neither the Government nor Petitioner[2] put on any relevant evidence at the November 22, 1996 hearing, the parties dispute which side bears the burden of proving that the facts support or do not support conviction for carrying a firearm. Under *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982), a Petitioner seeking relief under section 2255 must show, *inter alia,* actual prejudice resulting from his tainted conviction. Thus, as the Government points out in its brief, petitioners for habeas corpus must prove that their plea was involuntary, *Vanater v. Boles,* 377 F.2d 898, 900 (4th Cir.1967), or that they did not understand their constitutional rights. *Blankenship v. Cunningham,* 296 F.2d 604, 607 (4th Cir.1961). Gov't Post-Hearing Br. in Opposition to Petition at 1. Here, by agreeing to a Statement of Facts that the Court holds are insufficient to sustain the conviction for which he is now imprisoned, Petitioner has borne his burden. It is now the Government's burden to proffer additional evidence that Petitioner "used" or "carried" a firearm during and in relation to a drug trafficking offense. The Government having failed to do so, Petitioner's conviction must be vacated.

An appropriate Order shall issue.

## ORDER

For the reasons set forth in the Memorandum Opinion, it is hereby ORDERED that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED and Petitioner's sentence of thirty (30) months for violating 18 U.S.C. § 924(c) is VACATED.

(2) The Clerk shall forward copies of this Order to Petitioner and all Counsel of record.

---

2. The Defendant exercised his Fifth Amendment right to refrain from self incrimination. Although the evidentiary hearing was civil in nature, the Defendant was potentially faced with a five-year sentence and thus permitted to refuse to testify regarding the circumstances of his arrest. *See Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).