## CIRCUIT COURT OF FAUQUIER COUNTY

Walter Lee Beddard

v.

Mahon

December 14, 2001

Case No. CL01-211

By Judge Jeffrey W. Parker

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by the Petitioner, Walter Lee Beddard.

Mr. Beddard was convicted of malicious wounding in this Court as a result of an *Alford* plea of guilty entered on September 29, 2000. Petitioner was sentenced on December 20, 2000. He timely filed his Petition for Writ of Habeas Corpus, and the Commonwealth filed a Motion to Dismiss in response. Argument was heard in this Court on November 29, 2001, and this case was taken under advisement. The Court has taken into consideration the transcripts of the Preliminary Hearing, the Entry of the Plea, and the Sentencing Hearing, together with the affidavit of the defendant's initial counsel, Robert G. Hyman, in deciding this matter.

Mr. Beddard's current counsel, Jud Fischel, emphasized in his oral argument that Mr. Hyman had an incurable conflict of interest as a result of his representation of Patricia Beddard, the Petitioner's wife, and their two children, Otto Lee and "Buddy" Charles. All Defendants were charged with the offenses of malicious wounding. All pleaded guilty. Petitioner expressly waived this conflict of interest in writing by consenting to joint representation by trial counsel. In the present case, Petitioner failed to suggest that that joint representation affected the voluntariness of the plea. Pursuant to *Jamater v.*

112

*Bales*, 377 F.2d 898, 901 (4th Cir. 1967), the Petitioners claim to "conflict of interest" allegations are expressly waived when expressly put in writing.

Mr. Fischel in his oral argument also directed the Court's attention to various portions of the Preliminary Hearing Transcript. He suggested that inconsistencies in the testimony given at the Preliminary Hearing between Charlene Knight and Thornton Webster, most notably in terms of time parameters and whether or not the defendants were armed (see Transcript, pp. 17, 33, 43), required a finding by the Court of a conflict of interest by defense counsel. However, none of the inconsistencies were such as to give rise to the possibility of any defense to the charges themselves as among these various defendants. The defendants at the time of their sentencing asserted self defense in mitigation. However, again, there was no suggestion that any one defendant harbored a different intent or course of action compared with the other co-defendants. As a result the Court does not need to consider the applicability of unauthorized practice of law Rule 1:7 and the accompanying comments as to this particular case. Since this is a Motion to Dismiss, the Court will consider the facts in a light most favorable to the Petitioner in hearing. However, even under this standard of review, the Court cannot conclude that there is any factual basis to justify finding conflict of interest in this case. Whenever counsel's effectiveness is collaterally attacked, it is presumed that counsel performed in an effective and proper manner. *Strickland v. Washington*, 466 U.S. 668, 693-95 (1984).

The Petitioner also alleges that his counsel failed to interview necessary witnesses and preserve certain evidence. The Petitioner does not aver how this would be material or how it would have affected his plea. The Petitioner is required to make a comprehensive showing of what information would have been obtained and what different result would be reached. *United States ex rel. Cross v. De Roberts*, 811 F.2d 1008, 1016 (7th Cir. 1987).

Defendant has failed to make any proffers with respect to his claims, and the court without proffer is unable to find a basis to ascertain that defense counsel was ineffective. A Petitioner in a Habeas Corpus proceeding is not entitled to an evidentiary hearing unless he alleges "facts that if true would entitle him to relief." *Bennet v. Angelone*, 92 F.3d 1336, 1347 (4th Cir. 1996). Petitioner will be granted leave to amend if he is so advised to set forth such specific facts as would enable the Court to consider this issue.

The Petitioner alleges that his counsel "erroneously" advised him to make an *Alford* plea of guilty when based upon the transcripts most of the evidence was "exculpatory" to his involvement. Review of the transcripts does not support this position.

The Petition further alleges that his attorney did not know the sentencing guidelines in this case and that his plea was affected as a result. The Petitioner did not execute a plea agreement. There was no record of any reliance on "sentencing guidelines."

Further, failure of the Court to follow sentencing guidelines is not a basis for post-trial relief. Va. Code § 19.2-298.01(F). *Bell v. Commonwealth*, 18 Va. App. 187, (1994).

The plea colloquy indicated that the Petitioner knew the consequences of his plea, which left broad discretion to the Court, including incarceration.

For the reasons set forth herein, the Motion to Dismiss will be granted subject to leave to amend on the issue set forth above, such amendment to be filed within twenty-one days of the entry of the Order entered in conformity with this letter.